ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v*. ROYALL.

Opinion delivered May 27, 1905.

1. RAILROAD—HIGHWAY CROSSING.—Kirby's Digest, § 6681, providing that where any public road shall cross any railroad the railroad company shall construct the crossing and keep it in repair, does not contem-

plate that the railroad company should be compensated either for constructing the crossing or for keeping it in repair.   (Page 532.)

2.  EMINENT DOMAIN—DAMAGES IN ESTABLISHING HIGHWAY ACROSS RAILROAD.—Under Kirby's Digest, § 3001, providing that the viewers appointed to establish a highway "shall assess and determine the damages sustained by any person through whose premises the said road is proposed to be established," the viewers are required to assess the damages suffered by a railroad company by the establishment of a public road across its right of way.   (Page 333.)

Appeal from Clay Circuit Court, Eastern District.

ALLEN N. HUGHES, Judge.

Reversed.

STATEMENT BY THE COURT.

The appellees in 1902 filed a petition in the county court of Clay County, asking the court to appoint viewers to lay out a public road.   The viewers were appointed, and afterwards made a report recommending that the road be established.

The line of the proposed road crossed the track of the Saint Louis Southwestern Railway Company, and this company filed an intervening petition before the county court, in which it alleged that it would cost not less than $500 to prepare its track and roadbed so as to make it a safe public crossing, and that it would require $25 to keep such crossing in repair, and that the right to cross over its track was of the value of $50; but that the viewers appointed to assess the damages sustained by any person through or across whose premises the road was located had failed and neglected to assess any damages to the intervening company for condemning a crossing over its track and right of way. Wherefore it asked the court to set aside the report of the viewers, and to allow the company damages for crossing its right of way.   The court ordered the company to be made a party to the proceeding, but held that it was not entitled to any compensation on account of the laying out of the public road across its track, and gave judgment against it.   On the appeal to the circuit court the same ruling was made, and the company appealed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

The appellant was entitled to compensation for appropriation of any portion of its right of way. 78 Me. 23; 14 Gray, 155; 31 L. R. A. 298. A statute requiring a railroad company to contract and maintain crossings over their roads is a police regulation. 25 N. Y. 155; 70 N. Y. 569; 78 Me. 363; 79 Me. 363. The appellant was entitled to compensation for the construction and maintenance of the crossings. 33 N. Y. 21; 58 Mich. 641; 57 Mich. 277; 91 Mich. 291; 61 Mich. 507; 31 N. W. 365; 76 Ill. 447; 59 Pa. St. 174; 44 N. W. 7; 43 Minn. 524; 36 Minn. 402; 76 Ill. 451; 51 Ark. 324; 26 Kan. 345; 45 Kan. 716; 46 Kan. 104; 48 Kan. 576; 102 Mo. 641.

Riddick, J., (after stating the facts.) This is an appeal by a railway company from a judgment of the circuit court, holding that under the statute it was not entitled to any compensation on account of the laying out of a public highway across its track. The statute in reference to laying out and opening public highways requires that viewers shall be appointed who "shall assess and determine the damages sustained by any person through whose premises the said road is proposed to be established, mentioning the damages to each tract separately." Kirby's Dig. § 3001.

It would seem that under this provision of the law it was the duty of the viewers to assess the damages sustained by the company by reason of the laying out and establishing the roadway across the track unless the statute permits highways to be established across the right of way and roadbed of the company without compensation for damages. But we find nothing in the statute that gives such authority. The state provides that where any public road or highway shall cross any railroad, the railroad company shall construct the crossing, and also keep it in repair. Kirby's Digest, § 6681. Now, this does not say that any public road may be established and opened across a railroad without compensation, but that when public highways are established across a railroad the railroad company must construct the crossing and keep it in repair. We think it may well be inferred from the language of this statute that no compensation was intended to be paid the company either for

constructing the crossing or for keeping it in repair. When a highway is established across a railroad track in this State, it becomes its duty under this statute to construct the crossings and keep it in repair. This is a police regulation, and similar provisions are found in the statutes of other States. As nothing is said in the act about compensating the company for this burden which the law places upon it, we think that none can be implied. It seems plain to us that none was intended, for it is not usual to allow compensation for expense of obeying a police regulation. *Chicago, B. & Q. Railroad Co.* v. *Chicago,* 166 U. S. 226. The burden of keeping up the public highways rests upon the citizens and property owners of the State, and it is not unreasonable to require that the railroad company should keep that portion of the highway where it crossed its track in repair. For this reason we are of the opinion that the circuit court correctly held that the company was entitled to no compensation for constructing the crossing and keeping it in repair.

But the question of establishing the road across the right of way without compensation or without any assessment of the damages therefor is a different matter. Waiving the question of whether it is in the power of the Legislature to compel a railroad company to give a crossing over its right of way without compensation, we, as before stated, find nothing in the statute which authorizes the establishing a public road across a railroad track and right of way without an assessment of damages, and we think damages should be assessed by the viewers just as the damages to other proprietors of land along the proposed road are assessed. Now, the report of the viewers in this case shows that they made no assessment of damages suffered by the railroad by reason of the public road crossing its track. The public does not seek to deprive the railroad of its right of way. It only seeks to condemn the mere right to cross, which would leave the company free still to use its right of way and track as it had used it before. A right affecting the use of its property by the company to so slight an extent as this country crossing would affect it would not call for any great amount of damages, but whether large or small the company has a right to be compensated to that extent.

In the case of *Chicago, B. & Q. R. Co.* v. *Chicago,* the facts were that the city of Chicago established a street across the tracks of a railroad in that city. The jury that tried the case assessed the damages at only $1, but the judgment was sustained both by the Supreme Court of Illinois and the Supreme Court of the United States. *Chicago, B. & Q. R. Co.* v. *Chicago,* 166 U. S. 226.

As the road in this case was not a street in a city or town, but a country road, if the viewers had passed on the question of damages sustained by the company by reason of the establishing of this public road across its roadbed and right of way, and had found only nominal damages, we might have sustained the finding; but they did not pass on the question at all, and the circuit court, in sustaining the demurrer to the petition of the company, held, in effect, that under the statute the company was not, as a matter of law, entitled to any damages. But, as before stated, we are of the opinion that the company had the right to have the question of whether it was damaged and the amount of such damage, if any, assessed by the viewers. We are therefore of the opinion that the court erred in sustaining the demurrer to the petition of the company.

Judgment reversed, with an order that the case be remanded to the county court with directions that the viewers be required to ascertain and report the amount of damages suffered by the company by reason of the establishing the road, not including therein any damages for constructing, crossing or keeping same in repair.