KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* CITY
OF MENA.

Opinion delivered April 10, 1916.

RAILROADS—CITY STREET OVER RIGHT-OF-WAY—DAMAGES.—Where a city
opened a street across the right-of-way and tracks of a railroad
company, the railroad company is required to construct and main-
tain the crossing, but it can not recover from the city any damages
or compensation on that account.

Appeal from Polk Circuit Court; *Jefferson T. Cow-
ling,* Judge; affirmed.

*James B. McDonough,* for appellant.

1. A railway company is entitled to the expense of
structural changes when a city condemns a right-of-way
across the company's property. 75 Ark. 530 and 75 *Id.*
534, are not authority to sustain the ruling of the court
below. 139 Mich. 347; 102 N. W. 947; 51 N. J. L. 428; 17
Atl. 971; 43 *Id.* 730; 69 Pac. 1050; 59 Atl. 1032; 63 N. E.
96; 102 N. W. 947; etc.

*Charles A. Zweng,* for appellee.

The railway company was not entitled to the expense
of structural changes when a city condemns a right-of-
way across its property for street purposes under the
police power. Acts 1913, p. 328; 75 Ark. 530; 88 *Id.* 129;
75 *Id.* 534; 166 U. S. 226; 86 N. E. 84; 16 N. D. 313; 83
N. E. 503; 29 *Id.* 1109.

SMITH, J. This suit was brought by the City of Mena
to condemn a right-of-way for a street over the property
of the appellant. Judgment was rendered for appellant
for the sum of $50, which included only the value of the
right-of-way taken. Appellant offered to introduce evi-
dence that it was required to expend $181.39 in the re-ar-
rangement and shifting of its tracks made necessary by
the opening of the street, and that it had already ex-
pended $137.37 in installing the crossing. But this evi-
dence was excluded by the court upon the ground that
the railway company was not entitled to compensation
for these expenses and the correctness of this holding
presents the only question for our consideration. The

proof shows that the railway company has a number of tracks across the proposed street and that the construction of this crossing will necessitate the "shifting" of these tracks and the removal of a switch-stand.

Since the opinion of this court in the cases of *St. Louis S. W. Ry. Co.* v. *Royall,* 75 Ark. 530, and *St. Louis & S. F. Rd. Co.* v. *Fayetteville,* 75 Ark. 534, section 6681 of Kirby's Digest has been amended by the Act No. 89 of the session of the General Assembly of 1913, Acts 1913, p. 328. This amendment consisted in adding after the words "road or highway" the phrase "or street in any incorporated city or town of this State," the effect of the amendment being to impose upon the railway companies the same duty to erect crossings over the streets of cities and towns as previously existed to erect them over the roads and highways of the State. Therefore, what was announced in the cases cited as the duty of railroads with respect to roads and highways became their duty, upon the passage of the Act of 1913, with respect to the streets of cities and towns.

In the case of *St. Louis S. W. Ry. Co.* v. *Royall,* Mr. Justice Riddick, speaking for the court, said: "It would seem that under this provision of the law it was the duty of the viewers to assess the damages sustained by the company by reason of the laying out and establishing the roadway across the track, unless the statute permits highways to be established across the right-of-way and roadbed of the company without compensation for damages. But we find nothing in the statute that gives such authority. The statute provides that where any public road or highway shall cross any railroad, the railroad company shall construct the crossing, and also keep it in repair. Kirby's Digest, section 6681. Now, this does not say that any public road may be established and opened across a railroad without compensation, but that when public highways are established across a railroad, the railroad company must construct the crossing and keep it in repair. We think it may well be inferred from the language of this

statute that no compensation was intended to be paid the company either for constructing the crossing or for keeping it in repair. When a highway is established across a railroad track in this State it becomes its duty under this statute to construct the crossings and keep it in repair. This is a police regulation and similar provisions are found in the statutes of other states. As nothing is said in the act about compensating the company for this burden which the law places upon it, we think that none can be implied. It seems plain to us that none was intended, for it is not usual to allow compensation for expense of obeying a police regulation. *Chicago, B. & Q. R. Co.* v. *Chicago,* 166 U. S. 226.''

And in the case of *St. Louis & S. F. Rd. Co.* v. *Fayetteville, supra,* the court, again speaking through Mr. Justice Riddick, said:

''In the case of *C., B. & Q. Ry. Co.* v. *Chicago,* 166 U. S. 226, 255, the Supreme Court of the United States, after quoting decisions to the effect that no damages could be claimed, either by a natural person or corporation, on account of being compelled to render obedience to a police regulation designed to secure the common welfare, said: 'We concur in these views. The expenses that will be incurred by the railroad company in erecting gates, planking the crossing, and maintaining flagmen, in order that its road may be safely operated—if all that should be required—necessarily result from the maintenance of a public highway, under legislative sanction, and must be deemed to have been taken by the company into account when it accepted the privileges and franchises granted by the State. Such expenses must be regarded as incidental to the exercise of the police powers of the State. What was obtained, and all that was obtained, by the condemnation proceedings for the public was the right to open a street across land within the crossing that was used, and was always likely to be used for railroad tracks. While the city was bound to make compensation for that which was actually taken, it can not be required to compensate the defendant for obeying lawful regulations

enacted for the safety of the lives and the property of the people.''

In the case of *City of Grafton* v. *St. Paul, etc., Ry. Co.*, 16 N. D. 313, 113 N. W. 598, the cases on this subject are reviewed at length. The question there involved arose under facts very similar to those of the case under consideration, and the decision of that case turned upon the construction of a statute very similar to our own. The court cited those cases which hold that railway companies are entitled to such damages as are here claimed and in that connection said:

''An examination of the foregoing cases will disclose, we think, that the conflict in the holdings of these courts is mainly due to the difference in the statutes of the respective states; but some of them are based upon the decisions in Massachusetts, in which State there are express statutory provisions requiring compensation for these structural changes. Cases decided upon a statute such as the one in Massachusetts can not possibly have any weight in construing a statute so widely different as the one in this State.''

The court announced its conclusion as follows:

''In our opinion the better rule, as the one we shall adopt, is that the railroad company should be compensated for the diminution in value of its exclusive right to the use, for railway purposes, of the property sought to be condemned, caused by the use of the same by the public for a street crossing, and that the items proved by appellants for grading, planking, and constructing sidewalks at such crossing, are not proper elements of damage. The trial court, in view of the state of the record, there being no proof relating to the proper measure of damages, correctly instructed the jury to return a verdict for nominal damages merely. We are supported in our views by what we consider the weight of authority and the best considered cases.''

The court cited as supporting that conclusion a number of cases, including our case of *St. Louis & S. F. Rd. Co.* v. *Fayetteville, supra*. This North Dakota case is

reported in 22 L. R. A. (N. S.) page 1, where an extended discussion of this and collateral questions can be found.

It follows from what we have said, and from the previous decisions of this court cited above, that the appellant was not entitled to the damages claimed, and the judgment of the court below is, therefore, affirmed.