**KANSAS, O. & G. RY. CO. OF TEXAS v. GRAYSON COUNTY.** (No. 3532.)

Court of Civil Appeals of Texas. Texarkana. March 22, 1928.

**1. Railroads** ⟜96—**Railway company, without notice of proposed use of right of way or opportunity for hearing to assess damages, is not liable for penalty for not constructing public road crossing (Rev. St. 1925, arts. 3264–3271, 6327, 6705, 6706, 6710; 10 Gammel's Laws, p. 722).**

In absence of notice to railway company of use county proposed to make of its right of way or opportunity to be heard by commissioner appointed to assess damages, as required by Rev. St. 1925, arts. 3264–3271, company was not liable for penalty specified in article 6327 for failure to construct public road crossing, even if special road law for Grayson county (10 Gammel's Laws, p. 722), instead of general road law (Rev. St. 1925, arts. 6705, 6706, 6710), controlled.

**2. Constitutional law** ⟜297—**Eminent domain** ⟜2(8)—**Use of railway right of way as public road crossing, without notice, hearing, and compensation, would be unconstitutional (10 Gammel's Laws, p. 722; Rev. St. 1925, arts. 3264–3271; Const. U. S. Amend. 14; Const. Tex. art. 1, § 17).**

Subjection of railway company's right of way to use as public road crossing under special road law for Grayson county (10 Gammel's Laws, p. 722), without notice and hearing required by Rev. St. 1925, arts. 3264–3271, nor compensation therefor, would violate due process clause of Const. U. S. Amend. 14, and provision of Const. Tex. art. 1, § 17, that property shall not be taken or applied to public use without adequate compensation, unless by owner's consent.

**3. Eminent domain** ⟜2(8) — **Commissioners' court cannot take railway right of way for crossing merely by accepting dedication of land for public road (10 Gammel's Laws, p. 722; Rev. St. 1925, arts. 3264–3271).**

While land, dedicated by owners for public road, may become such without other formality than acceptance of dedication by county and use of land as road, under special road law for Grayson county (10 Gammel's Laws, p. 722), provision therein, authorizing commissioners' court to adopt system for working, laying out, etc., public roads in county, did not empower such court to take railway right of way across such a road without notice, hearing, and compensation required by Rev. St. 1925, arts. 3264–3271, and Const. art. 1, § 17; such right of way having never been dedicated for that purpose.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Suit by Grayson County against the Kansas, Oklahoma & Gulf Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

March 17, 1925, streets and alleys shown on a map of land its owners had subdivided into blocks and lots named "Oakwoods Park addition to the city of Denison," in Grayson county, were duly dedicated to the public. The land was near said city, but outside of its corporate limits. One of the streets shown on said map was Centre avenue. It was 50 feet wide, and extended from the Carpenter's Bluff public road south to the right of way of appellant's line of railway. February 11, 1926, the commissioners' court of Grayson county, on the petition (filed July 13, 1925) of sixteen freeholders residing in the vicinity, by an order duly entered in its minutes, declared 40 feet of the width of Centre avenue from the Carpenter's Bluff road south to appellant's right of way, and a strip of the same width across said right of way and thence on south to the Sheppard street road, to be a public road. It was provided in the order that notice of the action of the commissioners' court in establishing such public road should be given to appellant's local agent and its section foreman, "in order that immediate steps may be taken by said railroad company to properly prepare that part of its right of way as a public road crossing." Notices were issued as provided in said order, and same were served on appellant's local agent and section foreman February 13, 1926. Appellant having failed to construct the crossing, appellee, on May 13, 1926, commenced this suit for a writ of mandamus compelling it to construct same, and to recover the penalty specified in a statute (article 6327, R. S. 1925) as follows:

"Every railroad company in this State shall place and keep that portion of its roadbed and right of way, over or across which any public county road may run, in proper condition for the use of the traveling public, and in case of its failure to do so for thirty days after written notice given to the section boss of the section where such work or repairs are needed by the overseer of such public road, it shall be liable to a penalty of ten dollars for each week such railroad company may fail or neglect to comply with the requirements of this article. Such penalty shall go to the road and bridge fund of the county in which the suit is brought; and the county attorney, upon the making of an affidavit of the facts by any person, shall at once institute against the company violating any provision of this article suit in the proper court to recover such penalty or penalties, and his wilful failure or refusal to do so shall be sufficient cause for his removal from office, unless it is evident that such suit could not have been maintained. The proceedings under this article shall be conducted in the same manner as civil suits. The county attorney attending to such suits shall be entitled to a fee in each case of ten dollars, to be taxed as costs; provided, that when two or more penalties are sought to be recovered in the same suit, but one such fee shall be allowed. Such suits shall be conducted in the name of the county, and if the county be cast in the suit no costs shall be charged against it."

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Referring to the proceedings to establish the road, appellant alleged in its answer to the suit (and at the trial proved) that "no notice was given or posted" that the applicants therefor "intended to make such application, no jury of freeholders was appointed to act in respect to said road, and no notice was given to the owners of property through whose lands the road will run," and then alleged that it was the owner of its right of way and that "no notice of any kind or character was ever given it in reference to said proposed road except a notice to install a crossing over its said road and right of way, and which notice was given after the attempted establishment of the premises described in plaintiff's pleadings as a public road, and no compensation has ever been made or offered to be made to this defendant for the taking of its property proposed to be used as a public road, and this defendant never had any opportunity to be heard on the issue of whether said road should be established and never had any notice of any hearing in respect thereto." Appellant alleged further in its said answer that granting the writ of mandamus against it as prayed for by appellee and thereby requiring it to install such crossing under the circumstances quoted would constitute a taking and damaging of its property in violation of section 17 of article 1 of the Texas Constitution and of the Fourteenth Amendment to the Federal Constitution. In a supplemental petition appellee alleged it had authority "to establish said public road by reason of the special road law of Grayson county," providing that the commissioners' court of said county "shall have full power and authority, and it shall be their duty, to adopt such system for working, laying out, draining, and repairing the public roads in said county as it may deem best, and from time to time said court may change its plans or system of working;" alleged further "that section 8 of said road law provides, 'Whenever it shall be necessary to occupy any land for the purpose of opening, widening, straightening or draining any road or part thereof, if the owner of such land and the county commissioners cannot agree upon the damages to be paid, the county may proceed to condemn the same in the manner that a railroad company can condemn land for right of way, and the same proceedings may be had and the same rights shall exist to each party as would exist if the proceedings were by a railroad company, except that the county shall in no case be required to give bond'"; and further that Centre avenue from the Carpenter's Bluff road south to appellant's right of way and land south of said right of way to the Sheppard public road had been dedicated by the owners and accepted by the county for use as a public road, and had been so used. In that way it was alleged, as well as by the order of the commissioners' court referred to above, the land so dedicated had become a public road.

The trial was to the court without a jury, and resulted in a judgment directing the issuance of a writ of mandamus as prayed for and in appellee's favor against appellant for penalties in the sum of $500 and an attorney's fee in the sum of $10.

John T. Suggs and John T. Suggs, Jr., both of Denison, for appellant.

R. M. Finley, of Sherman, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It appears in the record that the conclusion of the trial court that appellant was liable as determined by the judgment he rendered, notwithstanding the fact that in opening the new road the requirements of articles 6705, 6706, and 6710, R. S. 1925 were ignored, was on the theory that the special road law for Grayson county (10 Gammel's Laws of Texas, p. 722), and not the general road law, controlled in the matter.

Whether the view taken was the correct one or not we will not undertake to determine, for, if it was, we would think the judgment nevertheless was erroneous because the requirements of the special law also were ignored. That law provided that, when it became necessary to use land for a public road and the county and the owner could not agree upon the damage to be paid, the county might condemn such land in the same manner that a railroad company might condemn land for a right of way for its line of railroad. That manner is set out in articles 3264–3271, R. S. 1925, and requires, among other things, notice to the owner of the land and a hearing before commissioners to determine the damages he is entitled to. No notice of the use appellee proposed to make of appellant's right of way was given to it, and no opportunity to be heard by commissioners appointed to assess appellant's damages for such use was accorded to it.

[2] Appellant insisted in the court below, and insists here, that to subject its right of way to use as a public road crossing without such notice and hearing and without any compensation therefor would be to violate the provision in the Fourteenth Amendment to the Federal Constitution declaring that no state "shall deprive any person of life, liberty or property without due process of law," and the provision in section 17 of article 1 of the state Constitution that "no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person."

We think the contention should be sustained. Travis County v. Trogden (Tex. Sup.) 31 S. W. 358; Ry. Co. v. Milam, 90 Tex. 355, 38 S. W. 747; Ry. Co. v. Hardeman County (Tex. Civ. App.) 146 S. W. 683; Ry. Co. v. Baudat, 18 Tex. Civ. App. 595, 45 S. W. 939; Ry. Co. v. Royall, 75 Ark. 530, 88 S. W. 555; Ry. Co.

v. City of Chicago, 166 U. S. 226, 17 S. Ct. 581, 41 L. Ed. 979; 10 R. C. L. 148; note to Ry. Co. v. Rhodes, 24 L. R. A. (N. S.) 1226. In the note just cited, where many supporting cases are referred to, it is said:

"As an easement in a railway right of way is property within a constitutional inhibition against taking or damaging private property for public use without compensation, it is generally held that a street or highway can not be laid out or established across it without making compensation therefor."

And in Ry. Co. v. Royall, 75 Ark. 530, 88 S. W. 555, the Arkansas Supreme Court, after holding under a statute seemingly like the Texas statute (said article 6327, R. S. 1925) that a railroad company was not entitled to compensation for constructing a road crossing or keeping it in repair, said:

"But the question of establishing the road across the right of way without compensation or without any assessment of the damages therefor is a different matter. Waiving the question of whether it is in the power of the Legislature to compel a railroad company to give a crossing over its right of way without compensation, we, as before stated, find nothing in the statute which authorizes the establishing a public road across a railroad track and right of way without an assessment of damages; and we think damages should be assessed by the viewers, just as the damages to other proprietors of land along the proposed road are assessed. Now, the report of the viewers in this case shows that they made no assessment of damages suffered by the railroad by reason of the public road crossing its track. The public does not seek to deprive the railroad of its right of way. It only seeks to condemn the mere right to cross, which would leave the company free still to use its right of way and track as it had used it before. A right affecting the use of its property by the company to so slight an extent as this country crossing would affect it would not call for any great amount of damages, but, whether large or small, the company has a right to be compensated to that extent. In the case of Chi., B. & Q. R. Co. v. Chicago, the facts were that the city of Chicago established a street across the tracks of a railroad in that city. The jury that tried the case assessed the damages at only $1, but the judgment was sustained both by the Supreme Court of Illinois and the Supreme Court of the United States. C., B. & Q. R. Co. v. Chicago, 166 U. S. 226, 17 S. Ct. 581, 41 L. Ed. 979. As the road in this case was not a street in a city or town, but a country road, if the viewers had passed on the question of damages sustained by the company by reason of the establishing of this public road across its roadbed and right of way, and had found only nominal damages, we might have sustained the finding, but they did not pass on the question at all; and the circuit court, in sustaining the demurrer to the petition of the company, held, in effect, that under the statute the company was not, as a matter of law, entitled to any damages. But as before stated, we are of the opinion that the company had the right to have the question of whether it was damaged, and the amount of such damage, if any, assessed by the viewers. We are therefore of the opinion that the court erred in sustaining the demurrer to the petition of the company."

[3] The trial court thought the special road law for Grayson county controlled in the matter, and that the provision therein authorizing the commissioners' court to adopt a system for working, laying out, etc., the public roads in the country empowered that court to "adopt," quoting from said court's "conclusions of law," "the system of dedication and acceptance and the declaration of the existence of a public road by its order duly recorded in the minutes of said court." We have no doubt that land dedicated by the owners thereof for the purpose may become a public road without other formality than the acceptance of the dedication by the county and use of the land as a road; but in this case the land constituting appellant's right of way was never dedicated for that purpose.

The judgment will be reversed, and judgment will be rendered here that appellee take nothing by its suit against appellant, but without prejudice to any right in it by proper proceeding to subject appellant's right of way to use as a part of the public road in question.