St. Louis-San Francisco Railway Company v. Bay.

Opinion delivered February 3, 1930.

*E. T. Miller, E. L. Westbrooke, Jr.* and *E. L. Westbrooke,* for appellant.

*J. F. Gautney* and *A. U. Tadlock,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment in the circuit court of Craighead County, Jonesboro District, condemning lands for street purposes across the right-of-way of appellant, upon which its main and side tracks are constructed, which are in the corporate limits of the town of Bay, and assessing damages in its favor for one hundred dollars.

Appellee followed the procedure for condemning and opening the street across said right-of-way authorized by §§ 4006-07, 4009 *et seq.*, and 8483-87 of Crawford & Moses' Digest, which procedure was and is challenged by appellant.

It is contended by appellant, that the judgment should be reversed, and the complaint of appellee dismissed upon the alleged ground that the Railroad Commission has the exclusive original jurisdiction to determine the necessity for, and order street crossings over railroad tracks or rights-of-way within towns and cities.

It is argued that the sections of Crawford & Moses' Digest above referred to, under which this suit was brought and prosecuted, were all repealed by § 1645 of Crawford & Moses' Digest. Section 1645 of Crawford & Moses' Digest is as follows:

"It shall further be the duty of said Corporation Commission, or any member thereof, to make a personal inspection of any designated place, where it is desired that a road or street, either public or private, cross any railroad in this State, and upon ten days' notice, as now required by law, and, after a public hearing, may make such order as in their judgment shall be just and proper. Said order may provide for a crossing at grade over or under the railroad, and shall be enforced as others now made by the Corporation Commission."

Neither this section, nor the act of which it is a part, conferred exclusive jurisdiction upon the Railroad Commission to determine the necessity for and order street crossings over railroad rights-of-way and tracks. The section referred to is a part of act of March 29, 1913, which also contains the following section:

"Section 3. Nothing in this act shall be so construed as to amend or repeal any other act now in force, nor to curtail or remit the powers of the Railroad Commission of the State of Arkansas."

From this declaration it is apparent that the Legislature did not intend to amend or repeal any law then on the statute books by the passage of the act of March 29, 1913, conferring the authority upon the Railroad Commission to designate and order crossings at grade over or under any railroad being operated in the State of Arkansas. It is a remedial act in nature, and provides for an alternative proceeding for the protection of existing crossings, and the establishment of public or private crossings over railroad rights-of-way and tracks in the State. It was intended as a supplemental act to all other existing acts on the subject.

It is argued that § 1645 of Crawford & Moses' Digest was borrowed from the statutes of Missouri, and that the highest courts of that State have construed the statute as conferring exclusive jurisdiction upon the Public Service Commission in said State to regulate and establish crossings over the rights-of-way and tracks of railroad companies. Both acts were passed in 1913, and the acts are not alike in all essential particulars. At the time § 1645 of Crawford & Moses' Digest was passed the Missouri act (Laws 1913, p. 556) had not been construed by its courts, so, if the acts were alike in all essential particulars, the construction placed upon the act by the Missouri courts would only be persuasive and not binding upon our courts.

Again, the Missouri act did not contain a provision that it should not repeal any law upon the subject then in force, nor did § 1645 of Crawford & Moses' Digest confer the exclusive power upon the Railroad Commission to protect existing crossings, and establish other crossings over railroad rights-of-way and tracks which was conferred by § 2 upon the Public Service Commission by the Public Service Act of Missouri passed by the Legislature of 1913.

Again, after the passage of § 1645 of Crawford & Moses' Digest, the procedure adopted by the town of Bay was the same as that adopted and followed by Mena

in the case of *K. C. Sou. Ry. Co.* v. *Mena,* 123 Ark. 323, 185 S. W. 290, which procedure was approved by this court in that case. It is true the question of jurisdiction was not raised in that case, as it has been in the instant case, yet the opinion of the court in that case was a tentative or implied declaration of this court that §§ 4006-07, 4009 *et seq.,* and 8483-87 of C. & M. Digest had not been repealed.

No error appearing, the judgment is affirmed.