HICKINBOTHAM *v.* WILLIAMS, CHANCELLOR.

4881; 4882                    303 S. W. 2d 563

Opinion delivered July 1, 1957.

HICKINBOTHAM *v.* CORDER.

5-1253

Opinion delivered July 1, 1957.

*Kenneth Coffelt,* for petitioners.

*Bruce Bennett,* Atty. Genl., for respondent.

*Kenneth Coffelt,* for appellant.

*Bailey, Warren & Bullion,* for appellee.

GEORGE ROSE SMITH, J. Motions filed in this court by the Hickinbothams in these three cases present the question of whether a Little Rock ordinance requiring grocery stores and meat markets to close on Sunday was repealed by the passage of Act 367 of 1957, which became effective ninety days after the legislature adjourned on March 14 of this year.

For more than a hundred years there was in force a state statute requiring retail stores to remain closed on Sunday. Ark. Stats. 1947, § 41-3802. On July 9, 1956, under the authority of this statute, the city council of Little Rock adopted an ordinance making it unlawful for any person to operate a grocery store or meat market within the city on the Sabbath. This ordinance was upheld last December, it being then contended that the singling out of grocery stores and meat markets is such an unreasonable classification as to deny the equal protection of the laws. *Hickinbotham* v. *Williams,* 227 Ark.

126, 296 S. W. 2d 897, *cert. den.* 353 U. S. 961. In April of this year we affirmed a chancery court decree by which H. V. Hickinbotham was permanently enjoined from operating a grocery store on Sunday. *Hickinbotham* v. *Corder,* 227 Ark. 713, 301 S. W. 2d 30. Although our affirmance in the *Corder* case became final several weeks ago, Hickinbotham now moves that the judgment be vacated on. the ground that Act 367 rendered the city ordinance ineffective. This motion must be denied, for an application to modify or dissolve an injunction should properly be presented in the first instance to the trial court. *Local Union No.* 656 v. *Mo. Pac. R. Co.,* 221 Ark. 509, 254 S. W. 2d 62.

After the decree in the *Corder* case had been affirmed by this court the chancellor cited H. V. and J. H. Hickinbotham for contempt and sentenced them to jail for having continued to operate a grocery on Sunday, in disregard of the injunction. The proceedings to review those two citations for contempt are not yet ready for submission to this court on the merits, but at a preliminary hearing we admitted the Hickinbothams to bail on condition that they cease doing business on Sunday until the final decision of this Court. We are now asked to strike this condition from the bail bonds and permit the petitioners to conduct a Sunday business during the pendency of their appeals from the sentences for contempt.

The Hickinbothams' argument is to this effect: The city ordinance closing grocery stores on Sunday was adopted pursuant to the state statute on the subject. That statute was repealed by Act 367. Hence, it is said, Act 367 nullified the city ordinance as well, and, until the city council passes a new ordinance under the authority of the 1957 act, there is no law prohibiting the operation of a grocery store on Sunday in the city of Little Rock.

This reasoning is not sound. It is true that if Act 367 had been limited to a simple repeal of the state Sunday law it would also have abrogated ordinances

that depended on that law for their validity. McQuillin on Municipal Corporations (3d Ed.), § 21.43. But Act 367 goes beyond a mere repeal of Ark. Stats., § 42-3802; the first section of the 1957 act reads as follows: "Hereafter, the city council or board of managers of any city or incorporated town shall have the authority, by ordinance, to regulate the operation of businesses within such cities or towns on Sunday." Section 2 of the act then repeals the state statute on the subject.

It is clear that the General Assembly, in enacting the 1957 law, intended (a) to repeal the general state statute requiring all retail businesses to close on Sunday and (b) to leave unimpaired the power of cities and towns to regulate the doing of business on Sunday within their corporate limits. It follows that there was no break in the continuity of the city's authority and therefore no need for the city council to go through the formality of re-enacting its 1956 ordinance, which presumably still represents its will in the matter.

The authorities are uniform in holding that existing city ordinances are not affected by the repeal of the state enabling act if the repealing statute simultaneously re-enacts the provisions of the original law. *Allen* v. *City of Davenport,* 107 Iowa 90, 77 N. W. 532; *People* v. *Brennan,* 142 Misc. Rep. (N. Y.) 225, 255 N. Y. S. 331. As McQuillin puts it in § 21.46 of his treatise: "Accordingly where pursuant to statute an ordinance is passed and subsequently the statute is repealed but re-enacted, the ordinance remains unimpaired. The statutory change does not have the effect of annulling the ordinance passed under the former identical grant of authority." Of course the new statute need not be in the exact language of the old; the decisive question is whether the legislature has manifested its intention to keep in force the relevant portion of the original law. *State* v. *Prouty,* 115 Iowa 657, 84 N. W. 670. In the case at bar we find no reason to doubt that this legislative intention existed. In drafting Act 367 the General Assembly obviously could not accomplish its twofold purpose by a verbatim re-enactment of the existing state

Sunday law, for the mandatory state-wide application of the old act was to be rescinded. In the same breath, however, the legislature expressed its desire to leave undisturbed the delegated authority by which each municipality might regulate Sunday businesses according to its own preference. That Section 1 of Act 367 begins with the word "hereafter" evidently does not mean that a new power is being created, for the municipality's authority undeniably existed already. Rather, the use of "hereafter" merely implies that a power formerly exercised concurrently by the state and its municipalities is in the future to be vested in the cities and towns alone. We find no good reason in logic or in law to require the city of Little Rock and all other municipalities to reassert their views by needlessly re-enacting ordinances already on the books.

Motions denied.

HARRIS, C. J., and WARD, J., dissent in part.

PAUL WARD, Associate Justice (dissenting). I do not agree with the majority that the injunction remained in force after the effective date of Act 367 of 1957.

I do not think that the right to "regulate" as the word is used in Section 1 of Act 367 carries with it the right to prohibit (the opening of grocery stores and other stores on Sunday) as must be applied in Ark. Stats. § 41-3802.

My conclusion is therefore that if Little Rock hereafter wants to "regulate" business houses on Sunday, it will be necessary to pass a new ordinance to that effect.

Practical considerations lead to this same conclusion. Neither this court nor any other court should be burdened with the task of attempting to reconcile all of the divergent views on this question. Now that the slate has, so to speak, been wiped clean by said Act 367 any new attempts at regulation should, I think, be enacted by the people of the affected municipalities.

HARRIS, C. J., joins in this dissent.