UNION PACIFIC RAILROAD COMPANY and
C.T. Frederking *v.* STATE of Arkansas EX REL. FAULKNER
COUNTY, Arkansas and City of Mayflower, Arkansas

93-838                                                   873 S.W.2d 805

Supreme Court of Arkansas
Opinion delivered April 18, 1994
[Rehearing denied May 23, 1994.*]

---

*Hays, J., not participating.

610

*Friday, Eldredge & Clark*, by: *Herschel H. Friday, Elizabeth J. Robben,* and *M. Gayle Corley*, for appellant.

*Wright, Lindsey & Jennings*, by: *Gregory T. Jones*; and *H.G. Foster*, Prosecutor; and *Larry E. Graddy*, Special Prosecuting Attorney.

ROBERT H. DUDLEY, Justice. The City of Mayflower filed this suit in chancery court against Union Pacific Railroad Company and one of its employees, C. T. Frederking. The complaint asked the chancery court to issue an order directing the railroad to construct a crossing so that Scenic Hill Road could be connected to Highway 365, asked that the railroad be enjoined from obstructing the road, and asked for a penalty in the amount of $2,000, plus $5.00 per day, for every day the railroad fails to construct the crossing. The railroad answered and also filed a counterclaim asking damages for inverse condemnation. The railroad filed a motion to dismiss because the chancery court did not have subject matter jurisdiction. The trial court denied the motion to dismiss, heard the case, dismissed the action against the railroad employee, ordered the railroad to construct the crossing, dismissed the complaint for inverse condemnation, and assessed a penalty of $2,000, plus $5.00 per day, from the date the complaint was filed until the railroad completes the crossing. The railroad appeals and the City cross-appeals. The railroad contends that, by ruling that it must pay both a fine and construct a crossing, and by refusing to require damages for condemnation of this roadway, the Chancellor erred in his interpretation of section 23-12-305 of the Arkansas Code Annotated of 1987. The City cross-appeals and contends that the Chancellor did not assess a sufficient penalty and should have awarded attorney's fees. We reverse because the chancery court was wholly without subject matter jurisdiction.

Article 7, section 11 of the Constitution of Arkansas provides: "The circuit court shall have jurisdiction in all civil and criminal cases the exclusive jurisdiction of which may not

be vested in some other court provided for by this Constitution." *Id.* This provision means that, unless a cause of action is confided by the Constitution exclusively to another court, it belongs exclusively, or concurrently, to the circuit court. *State* v. *Deavers*, 34 Ark. 188 (1879). "All unassigned jurisdiction under the Constitution is vested in the circuit court. . . ." *Patterson* v. *Adcock*, 157 Ark. 186, 193, 248 S.W. 904, 906-07 (1923).

Subject matter jurisdiction is determined from the pleadings. *McKinney* v. *City of El Dorado*, 308 Ark. 284, 824 S.W.2d 826 (1992). The complaint in this case states that the railroad "is the owner of a railroad line that passes through the City of Mayflower." The answer and counterclaim admit the existence of the railroad's property, and the counterclaim asks the chancery court to award "between one and two million dollars . . . based on the value of the main track which is condemned and the cost to replace the condemned side track." The City answered the counterclaim and denied "that the cost of locating a suitable tract of land and constructing a replacement facility is estimated at between one and two million dollars." The quoted pleadings state that the City asks for an order authorizing it to open a street across the railroad's right of way. There is no allegation that the City owns an easement, or presently has any right, to cross the railroad's right of way. Before the City has the right to require the railroad to construct the crossing, it must condemn the right of way for the street to cross the railroad. *St. Louis & San Francisco R.R. Co.* v. *Fayetteville*, 75 Ark. 534, 87 S.W. 1174 (1905). It can acquire that right by agreement with the railroad or by filing a condemnation suit in circuit court. *Id.* at 539-40, 87 S.W. at 1175. The circuit court has subject matter jurisdiction of condemnation suits unless equitable defenses are raised. *Arkansas Power & Light Co.* v. *Potlatch Forest, Inc.*, 288 Ark. 525, 707 S.W.2d 317 (1986); Ark. Code Ann. § 18-15-303 (1987). No equitable defenses were raised by the railroad. Subject matter jurisdiction of the railroad's counterclaim for inverse condemnation is also in circuit court. *Robinson* v. *City of Ashdown*, 301 Ark. 226, 783 S.W.2d 53 (1990). In sum, the quoted pleadings do not provide any basis for subject matter jurisdiction in chancery court.

In addition, the City's complaint alleges that the chancery court "has subject matter jurisdiction pursuant to Ark. Code Ann. § 23-12-305 (1987)." In oral argument before this

court, one of the City's attorneys was asked about the basis of chancery court jurisdiction, and he responded that jurisdiction was conferred on the chancery court by the cited statute. There is no basis for this assertion. The statute, which was repealed in 1993, makes no mention of subject matter jurisdiction. *See* Ark. Code Ann. § 23-12-305 (1987). There have been many cases involving this statute, but they were all tried in circuit court. *See, e.g., Missouri Pac. R.R.* v. *Howell*, 198 Ark. 956, 132 S.W.2d 176 (1939); *Missouri Pac. R.R.* v. *Meyer*, 186 Ark. 810, 56 S.W.2d 169 (1933); *St. Louis-San Francisco Ry.* v. *State*, 182 Ark. 409, 31 S.W.2d 739 (1930); *Kansas City S. Ry.* v. *City of Mena*, 123 Ark. 323, 185 S.W. 290 (1916); *St. Louis Southwest Ry.* v. *Royall*, 75 Ark. 530, 88 S.W. 555 (1905). No case holds that the statute gives subject matter jurisdiction to the chancery court.

The statute provides that, when a city constructs a street across a railroad, the railroad must maintain the crossing "at no greater elevation or depression than one (1) perpendicular foot for every five (5) feet of horizontal distance," and, when the railroad refuses to so maintain the crossing, the city street overseer is authorized to give notice to the railroad that it is not properly maintaining the crossing. *See* Ark. Code Ann. § 23-12-305(a) and (b) (1987). A copy of the notice is to be filed in the county clerk's office. *Id.* § 23-12-305(d)(1). If the railroad then refuses to maintain the crossing in conformity with the statute, the county clerk "shall" give the notice to the prosecuting attorney and he "shall institute suit against the railroad company," and the railroad company "shall forfeit and pay . . . not less than one hundred dollars ($100) nor more than two thousand dollars ($2000), and five dollars ($5.00) per day for every day such refusal or neglect shall continue. . . ." *Id.* § 23-12-305(d).

The original version of the statute was enacted in 1887. It provided that the notice should be filed in the office of the county clerk because, at that time, all cases involving public roads were heard in county court. Appeals from county court are to circuit court, and not to chancery court. In *Kansas City Southern Railway Co.* v. *Sevier County*, 171 Ark. 900, 286 S.W. 1035 (1926), a case involving the same statute, we outlined the procedure in that case as follows: "The suit was first tried in the county court, then on appeal in the circuit court, where it was adjudged upon the testimony and law that the highway should be opened across appellant's

right of way at a point where its land had been acquired exclusively for railroad yards." *Id.* at 901, 287 S.W. at 1036. At the time the case at bar was filed, the statute still provided that the notice must be given to the county clerk. The complaint alleges that notice was given by the City to the county clerk. This notice provision in the statute strongly implies that the General Assembly contemplated the remedy being at law, and not in chancery court.

In *St. Louis Southwestern Railway Co.* v. *Royall*, 75 Ark. 530, 88 S.W. 555 (1905), we held that the statute does not contemplate compensating the railroad either for constructing the crossing or keeping it in repair, but it does contemplate compensating the railroad for appropriating a part of its right of way. The opinion provides:

> The public does not seek to deprive the railroad of its right of way. It only seeks to condemn the mere right to cross, which would leave the company free still to use its right of way and track as it had used it before. A right affecting the use of its property by the company to so slight an extent as this country crossing would affect it would not call for any great amount of damages, but whether large or small the company has a right to be compensated to that extent.

*Id.* at 533, 88 S.W. at 556.

We then reversed the case to the county court for a determination of the amount of damages the railroad suffered because of its loss of part of its right of way. We said the determination of damages for loss of part of the right of way was a fact question. Appeal from the county court's determination of damages would be to circuit court. Again, there was no suggestion of subject matter jurisdiction in chancery court.

In addition, we have held that violation of the statute by the railroad can be evidence of negligence in a tort action. In *Missouri Pacific Railroad Co.* v. *Howell*, 198 Ark. 956, 132 S.W.2d 176 (1939), we said the statute makes it the duty of every railroad company to properly construct and maintain crossings over public roads so that they will be safe for motorists crossing the railroad, and whether the railroad so maintained the crossing is a fact question for a jury to determine in a tort suit by a motorist who became stuck on a crossing. Again, the remedy was at law.

■ The statute, in addition to tort liability, provides for a penalty against the railroad if it fails to maintain the crossing as specified. Penal statutes will neither give nor oust jurisdiction in chancery. *Hickinbotham* v. *Corder*, 227 Ark. 713, 301 S.W.2d 30 (1957). Chancery court may invoke jurisdiction where the enforcement of a penal statute does not afford adequate protection against injury to property. *Id.* at 717, 301 S.W.2d at 33. However, here no pleadings allege facts sufficient to show that the remedy at law is inadequate. In addition, we have said it is a general rule that courts of equity will not aid in the enforcement of penalties when the case originates in chancery court. *Sigmon Forest Prods.* v. *Scroggins*, 250 Ark. 385, 465 S.W.2d 673 (1971).

■ The City asked for an injunction to prohibit the railroad from allowing it to open the road, but merely asking for an injunction will not confer subject matter jurisdiction when, under the pleadings, the chancery court does not otherwise have subject matter jurisdiction. *McIntosh* v. *Southwestern Truck Sales*, 304 Ark. 224, 800 S.W.2d 431 (1990). It is not enough just to name an equity theory cognizable in chancery court and then state facts which would not support the equity theory, but which might support a claim at law. *See Martin* v. *Couey Chrysler Plymouth, Inc.*, 308 Ark. 325, 824 S.W.2d 832 (1992).

■■ The railroad moved to dismiss for lack of subject matter jurisdiction, but only argued that the chancery court lacked subject matter jurisdiction because the notice was not timely filed with the county clerk. The chancellor correctly denied the motion on that ground. The railroad did not object on the ground that subject matter jurisdiction was wholly lacking. Even so, when subject matter jurisdiction is wholly lacking, it cannot be induced simply because there was no valid objection. *J. W. Reynolds Lumber Co.* v. *Smackover State Bank*, 310 Ark. 342, 836 S.W.2d 853 (1992). In such cases, we have a duty to raise the issue on our own. *Arkansas Sav. & Loan Ass'n Bd.* v. *Corning Sav. & Loan Ass'n*, 252 Ark. 264, 478 S.W.2d 431 (1972). The City sought two things: first, it sought a railroad crossing which would require the taking of some part of the railroad's property; second, it sought to have the railroad penalized for refusing to allow it to cross the railroad's property. No matter what the two types of action are labeled, the remedy at law in both actions is fully adequate, and the chancery court is wholly without subject matter juris-

diction in both actions. We have a duty to raise the issue. We do so and, accordingly, reverse.

Reversed and remanded on both direct and cross-appeal.

HAYS, J., not participating.