**SOUTHERN PACIFIC TRANSPORTATION COMPANY, Appellant,**

v.

**The COUNTY OF HARRIS, Appellee.**

**No. 16300.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 21, 1974.

Rehearing Denied April 18, 1974.

Walter E. Workman, Diana E. Marshall, Houston, for appellant; Baker & Botts, Houston, of counsel.

Joe Resweber, County Atty., Jerry B. Schank, Edward J. Landry, Senior Asst. County Attys., Houston, for appellee.

PEDEN, Justice.

In an eminent domain proceeding brought as a cross-action in the district court under Article 3269, Vernon's Texas Civil Statutes, the condemnee asserts that the district court had no jurisdiction over the cross-action because the condemnor neither pleaded nor proved a bona fide effort to agree with the condemnee on the value of the interest sought.

Southern Pacific had brought suit in district court where it had obtained an order temporarily enjoining Harris County from building a highway across the railroad's easement. Our opinion on a prior appeal of the injunction aspect of this case appears at 457 S.W.2d 336. Without waiving its claim to a right to cross the easement, Harris County then brought a cross-action

under the provisions of Article 3269 to condemn the right to build and use its highway across the easement.

Upon a hearing, the district court granted Harris County's motion to dissolve the temporary injunction (as it pertained to the property which was being condemned) after Harris County had deposited in the registry of the court the amount which the court had fixed as security to insure adequate compensation to Southern Pacific for its property taken and damages suffered. It is from this order that Southern Pacific appeals.

Article 3264, V.T.C.S., entitled "Procedure," commences: "The exercise of right of eminent domain shall in all cases be governed by the following rules:" Eleven rules are then enumerated. The first includes a provision that "the party desiring to condemn the property after having failed to agree with the owner of the land on the amount of damages shall file a statement in writing with the county judge of the county in which the land or a part thereof is situated." The rules that follow concern the appointment by the county judge of three disinterested freeholders to serve as special commissioners and their hearing to assess the landowner's damages.

Article 3269, the statute under which Harris County brought its cross-action in this case, provides:

"When . . . any county . . . is a party as . . . defendant . . . to any suit in a District Court, in this State for property or for damages to property occupied by them or it for the purposes of which they or it have the right to exercise such power of eminent domain, or when a suit is brought for an injunction to prevent them or it from going upon such property or making use thereof for such purposes, the Court in which such suit is pending may determine the matters in dispute between the parties, including the condemnation of the property and assessment of damages therefor, upon . . . cross-bill of the defendant . . . ; and such . . . cross bill . . . shall not be an admission of any adverse party's title to such property; . . ."

In discussing an earlier version of Art. 3269, but not passing on the same point involved in our case, the Texas Supreme Court in Brazos River Conservation and Reclamation District v. Costello, 135 Tex. 307, 143 S.W.2d 577 (1940), stated:

"The dominant rule controlling the construction of a statute is to ascertain the intention of the legislature expressed therein. An Act should be given a fair and sensible construction, in order to carry out the purposes for which it was enacted, and not to be construed in such manner as to nullify or defeat its purposes. 39 Tex.Jur., pp. 166, 167, sec. 90.

"Clearly the object of Article 3269 is to expedite the determination of all matters to which it relates. This Article, when given a fair and reasonable construction, in connection with the constitutional provisions, means that under same the District Court is vested with jurisdiction to determine the questions in dispute and to require the party instituting such condemnation proceedings to give adequate security for the property sought to be condemned . . .

"In this instance the District has tendered into the registry of the court, . . . the specific sums allowed all parties, and will comply with any orders that the court may make relating to such condemnation proceedings. This is all the landowners can demand under the law."

Article 3269 does not contain a requirement that the condemnor, before filing its condemnation proceeding in the district

court, shall have failed to agree with the landowner on the amount of damages nor a requirement that the district judge appoint special commissioners to assess those damages. We consider these omissions from Article 3269 (as compared to Article 3264) to have been purposeful and sensible. If title is in dispute, the relative strengths of the parties' title claims will often be the dominant factor in fixing damages. We believe the legislature did not intend to require one who claims title to property to make a bona fide offer to another claimant and that the legislature did not consider the procedure established in Art. 3264 for holding special commissioners' hearings to be well adapted to evaluating title claims.

We find only one Texas case on this point, Holcomb v. City of Dallas, 315 S. W.2d 454 (Tex.Civ.App.1958, writ ref. n. r.e.). The City had brought condemnation proceedings in county court and had built a storm sewer over the Holcombs' property when the case was tried. It was dismissed for want of jurisdiction because the City had failed to offer to settle with the Holcombs before filing suit. The Holcombs then sued for damages in the district court, and the City filed a cross-action to condemn an easement for the storm sewer. The City prevailed in the district court, and in one of the Holcombs' points of error on appeal they complained of the trial court's having sustained the City's exception to their pleading that the City had failed to make a bona fide attempt to settle the controversy before filing its cross-action in condemnation. The Texarkana Court of Civil Appeals held that Article 3269 is a special statute that authorizes condemnation by reconvention in such cases and that an attempt to settle the controversy was not necessary as in an ordinary condemnation proceeding.

Our holding on the appellant's first point also disposes of its remaining one.

Affirmed.