**L. W. GARDNER, Jr., et ux., Appellants,**

v.

**CITY OF HAMILTON, Appellee.**

No. 5528.

Court of Civil Appeals of Texas, Waco.

April 15, 1976.

Rehearing Denied May 20, 1976.

Ben Sudderth, Commanche, for appellants.

James E. Crouch, Hamilton, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by L. W. Gardner, Jr., and wife from judgment decreeing the City of Hamilton, owner of a described 5.68 acre tract of land in Hamilton, Texas. Such judgment recites the City of Hamilton acquired ownership under its power of eminent domain, and required the City to deposit $9,806. into the registry of the court for the Gardners.

The Gardners as plaintiffs filed this suit to set aside an easement on 5.9 acres executed by them to the City of Hamilton for construction of a water conservation structure; and further to enjoin the City from entering on or using the land in question. The City answered, filed cross action to declare the easement valid, and in the alternative to condemn the property.

Trial to a jury resulted among other things in findings that the property taken plus damage to the remainder was $9,806.

After both parties moved for judgment, the trial court rendered judgment setting aside the easement, declaring same void; decreed title to a 5.68 described tract to the City of Hamilton under eminent domain; and required the City to pay $9,806. to the Gardners.

The Gardners appeal on one point:

"The trial court erred in finding that the City of Hamilton acquired the property in question by the power of eminent domain".

The record reflects that the City of Hamilton in 1965 or 1967 was soliciting easements from property owners upon which to construct a water conservation structure to prevent flooding in the City of Hamilton.

Gardner and wife signed such an easement to 5.9 acres out of their 7.77 acre tract. The Gardners were paid no money for the easement. In 1975 the construction of the structure was commenced and the contractor moved equipment on the property and began moving earth. The Gardners filed this suit to set aside the easement and enjoin construction.

The City cross acted in condemnation for the land. As noted the trial court set aside the easement, decreed title by eminent domain to the City, and required the City to pay $9,806. to the Gardners.

Under their point appellants assert "the City of Hamilton did not have power of eminent domain as to this land for the purpose set forth".

Article 1109b VATS recites: *Eminent domain*

"Incorporated cities and towns shall have the power to appropriate private property for public purposes whenever the governing authorities shall deem it necessary and to take any private property within or without the city limits for any of the following purposes: * * * * storm sewers, * * * drains * * * reservoirs, water sheds * * * and to acquire lands within or without the city for any other municipal purposes that may be deemed advisable. * * * *".

■■ A municipal purpose or function is one which promotes the comfort, convenience, safety, and happiness of the citizens of the municipality rather than the welfare of the general public. *Community Natural Gas Co. v. Northern Texas Utilities Co.,* CCA (Amarillo) Er.Dismd., Tex.Civ.App., 13 S.W.2d 184, 194. The record reflects that Hamilton had in the past suffered from severe floods and that the project here was a part of a plan to prevent floods. We think the right of the City of Hamilton to exercise eminent domain for flood control and water retention purposes within the provisions of Article 1109b.

■■ Appellants further assert the City did not follow the proper procedures to take the property in that the resolution passed by the Hamilton City Council did not state on its face that condemnation was "necessary"; as required by *Burch v. City of San Antonio,* CCA (San Antonio) Tex.Civ.App., 508 S.W.2d 653 (reversed by S.Ct., Tex., 518 S.W.2d 540).

Assuming such prerequisite required in the conventional condemnation case, same was not required here.

Article 3269 VATS provides:

"When the State of Texas * * * or any county, incorporated city * * * having the right of eminent domain * * is a party, as plaintiff or defendant * * to any suit in a District Court * * * for property or for damage to property occupied by them or it for the purposes of which they or it have the right to exercise such power of eminent domain, or when a suit is brought for an injunction to prevent them or it from going upon such property or making use thereof for such purposes, the Court in which such suit is pending may determine the matters in dispute between the parties, including the condemnation of the property and assessment of damages therefor, upon petition of the plaintiff, cross bill of the defendant * * * asking such remedy or relief; and such petition, cross bill * * * asking such relief shall not be an admission of any adverse party's title to such property; *and in such event the condemnor may assert his or its claim to such property and ask in the alternative to condemn the same if he or it fails to establish such claim*;[1] * * * *".

In this cause the City was in possession of the property under an easement and was at work on the project, when appellants filed their suit to set aside the easement and enjoin the City from proceeding. The City asserted its easement valid but in the alternative sought to condemn. This is precisely the situation covered by Article 3269. Such statute does not contain a requirement that the condemnor, before filing its condemnation proceeding in District Court follow the

1. Emphasis added.

requirements it would be required to follow if it were filing an initial conventional condemnation suit. *So. Pacific Transportation Co. v. The County of Harris,* CCA (1st. Houston) Er.Refused, Tex.Civ.App., 508 S.W.2d 484.

Appellants' point and all contentions thereunder are overruled.

AFFIRMED.