The CITY OF HOUSTON, Appellant,

v.

FORT WORTH AND DENVER RAILWAY COMPANY, Appellee.

No. 17057.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 8, 1977.

Rehearing Denied Jan. 19, 1978.

Otis H. King, City Atty., Fred R. Spence, Jr., Senior Asst. City Atty., Houston, for appellant.

Andrews, Kurth, Campbell & Jones, Wm. H. Tenison, Jr., Houston, for appellee.

PEDEN, Justice.

The City of Houston appeals from the dismissal of its application for an injunction to order the railroad to relocate its telegraph lines at the City's expense to allow enough clearance for putting a new street across the railroad's tracks. The City also brought, in the alternative, an action in eminent domain for a temporary easement to enter the railroad's right-of-way to relocate the telegraph lines. The trial court sustained the railroad's plea to the jurisdiction. Appellant asserts error because this suit may be brought in the district court under Article 3269, Vernon's Texas Civil Statutes. We agree with the appellant.

The railroad's plea to the jurisdiction contended that the City's petition had not shown a property right or a right to possession, therefore, this case should be one for ordinary condemnation within the original jurisdiction of the county court under Article 3264, V.T.C.S. The City then filed a supplemental petition alleging that the City had a legal property right to enter upon the railroad right-of-way to extend the street and that the railroad's easement is subject to the City's rights.

Article 3269 provides:

When . . . incorporated city . . . having the right of eminent domain . . . is a party, as plaintiff, defendant or intervenor, to any suit in a District Court, in this State, for property . . . the Court in which suit is pending may determine the matters in dispute between the parties, including the condemnation of the property and assessment of damages therefor, upon petition of the plaintiff, cross-bill of the defendant or plea of intervention by the intervenor asking such remedy or relief; . . . and in such event the condemnor may assert his or its claim to such property and ask in the alternative to condemn the same if he or it fails to establish such claim; and provided that, if injunctive relief be sought, the Court may grant such relief under the Statutes and Rules of Equity, or may, as a prerequisite for denying such relief, require the party seeking condemnation to give such security as the Court may deem proper for the payment of any damages that may be assessed on such party's pleading for condemnation.

In *Coastal States Gas Producing Co. v. Miller*, 160 Tex. 295, 329 S.W.2d 853 (1959), the possessors of an oil and gas lease sued agricultural lessees of property the plaintiff had previously condemned without joinder of the agricultural lessees. Coastal States' petition alternatively prayed for a temporary injunction, for a declaration of property rights and for condemnation. The court stated that Article 3269 covers suits 1) for property, 2) for damages to property occupied by one having the right of eminent domain and 3) for an injunction to prevent one claiming the right of eminent domain from going upon the property. The court's holding was that since Coastal States' suit was one involving an interest in property, it was properly brought under Article 3269, a statute "intended to give the condemnor adequate remedy in condemnation proceed-

ings brought in the district court". The condemnor was granted the right to seek injunctive relief and take possession of the property pending trial.

In our case the City appears to have originally assumed that it had a right to have the telegraph poles relocated, but after the railroad filed its plea to the jurisdiction, the City filed a supplemental petition alleging:

"The City of Houston has a legal property right to enter upon the railroad right-of-way easement for the purpose of extending Watonga Boulevard. The Defendant has only an easement to its right-of-way, and said easement is subject to the legal right of the City of Houston to extend and maintain streets across the easement."

Although a special exception would have been appropriate to clarify this cryptic allegation, none was levelled. Since the City was asserting an interest in the right-of-way a judicial determination of the correlative rights of the parties was required. See *City of Houston v. West*, 520 S.W.2d 752 (Tex.1975).

The pleadings are focused primarily on the relocation of the telegraph poles, but the railroad also contests the City's right to cross its right-a-way. It has been held in Texas that under the facts in those cases the right to cross a railroad's right-of-way with a road was a property right to be condemned and that the railroad should also be compensated for making the alterations in its property. *County of Harris v. Southern Pacific Transportation Co.*, 457 S.W.2d 336, 340 (Tex.Civ.App.1970, no writ); *Kansas, O. & G. Ry. Co. v. Grayson County*, 5 S.W.2d 542, 544 (Tex.Civ.App.1928, no writ).

The City does not deny the railroad's right to compensation for damages incurred in relocating the telegraph poles. It has not yet sought, even in the alternative, to condemn a crossing of the right-of-way. The City's assertion of a property right in the railroad's easement brought it within the jurisdiction of the district court under Article 3269, V.T.C.S. If the City shows it has that right, it also has the right to seek

an injunction and, if then denied, to provide adequate security and take possession of such property. *Coastal States Gas Producing Co. v. Miller*, supra.

The judgment of the trial court is reversed and the cause is remanded.