**ROOT COMPANY, Appellant,**

v.

**MONTGOMERY COUNTY DRAINAGE DISTRICT NO. 6, Appellee.**

No. 8267.

Court of Civil Appeals of Texas, Beaumont.

June 14, 1979.

Harold Denton, Conroe, for appellant.
Ernest Coker, Jr., Conroe, for appellee.

DIES, Chief Justice.

Appellant Root Company, defendant below, was in possession of land title to which is in dispute. Conroe Independent School District brought suit against Root and another defendant for dispossession and prayed for recovery of the fee simple title and possession of the property. Montgomery County Drainage District No. 6 (hereaf-

ter Montgomery) intervened claiming an easement over this land.[1] In this first petition Montgomery also asserted that it had been prevented from entering onto the land, that it had the power to condemn the land, and that it had entered an order to purchase or condemn the land involved in order to construct a drainage ditch. This petition was amended twice; an injunction was requested by Montgomery in the first amended petition to enjoin Root from interfering with Montgomery's right of possession.

A hearing on the injunction was held on October 5, 1978.[2] As a result, the court denied the temporary injunction but gave Montgomery the right to take immediate possession of the premises upon the posting of a corporate security bond of $35,000.

From this order Root perfects this appeal. Appellant's first point of error urges that appellee did not have the power to condemn the land in question. (Apparently the proposed ditch crosses the two tracts whose title is in dispute and which are both outside appellee's district.)

Montgomery County Drainage District No. 6 was created by the Commissioners' Court of Montgomery County, Texas, on December 28, 1977; it operates under Chapter 56 of the Texas Water Code and other general statutes applicable to drainage districts. *Tex. Water Code Ann.* § 56.-119(a) (Vernon Supp. 1978) provides:

> "Any district may exercise the power of eminent domain *to condemn and acquire the right-of-way over and through public and private lands necessary for making canals, drains, levees, and improvements in the district and for making necessary outlets thereto in any county in the state.*" (Emphasis supplied).

1. In the second cause Montgomery instituted the suit against Root alleging that Root had interfered with Montgomery's right to enter land upon which it had a legal easement in order to construct a drainage ditch. This petition prayed for a temporary injunction to restrain Root from interference or for the court alternatively to require a security deposit and grant immediate possession.

2. For purposes of this hearing both parties stipulated that the evidence produced would be considered by the court in connection with both Causes 29,012 and 30,406 although the causes would not be consolidated. Separate orders were entered.

*Nueces County Drainage and Conservation District No. 2 v. Bevly,* 519 S.W.2d 938 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.), is distinguishable from the facts in the instant case as the Nueces County Drainage District's power of eminent domain had been restricted to the area lying within its boundaries. *Id.* 944–945. *Section 56.119(a)* places no such restriction on a drainage district. Under *Section 56.119(a),* a drainage district is specifically given the power to condemn for right-of-way purposes any lands "necessary for making canals, drains . . . in the district and for making necessary outlets thereto . . . ." Accordingly, we interpret this section to authorize Montgomery County to condemn those tracts of land not within the drainage district for the purpose of making necessary outlets from land located within the district.

Appellant also urges that the court should not have granted appellee immediate possession because appellee acted in bad faith in asking for an injunction in order to bring the case within the purview of *Tex. Rev.Civ.Stat.Ann. art. 3269* (Vernon 1968). This question was raised on appeal but not raised in the trial court by pleas in abatement or other pleadings in *Coastal States Gas Producing Co. v. Miller,* 160 Tex. 295, 329 S.W.2d 853, 860 (1959). The Texas Supreme Court noted that the pleadings, the statement of facts, and the trial court's judgment indicated that all parties assumed that the suit was brought in good faith.

In the instant case Conroe initiated the first cause of action, and Montgomery intervened. In the cause Montgomery initiated it requested a temporary injunction. See note 1, supra. While Montgomery did not ask for an injunction in its first intervention petition, filed August 16, 1978, it did ask the court to set the amount for a security deposit and allow it to enter upon the land for purposes of constructing the ditch. In its first amended petition, filed September 11, 1978, Montgomery asked for a temporary injunction to enjoin Root from interfering with its right to come on the land. At the hearing and in its reply, appellant urged that this amendment was done in bad faith to confer jurisdiction under *Article 3269.*

There is no question but that appellee would have been entitled to ask for an injunction when he first intervened. The Supreme Court has ruled that the injunctive relief sought is injunctive relief sought by any party to the suit and not just the condemnee. *Coastal States,* supra at 859.

Nor is there any question but that in a case within the confines of *Article 3269,* the court, upon denial of the injunction, has the power to set the security deposit and give the district immediate possession of the land. *City of Houston v. Adams,* 154 Tex. 448, 279 S.W.2d 308 (1955); *Jefferson Co. Drainage Dist. No. 6 v. Gary,* 362 S.W.2d 305 (Tex.1962). In *Coastal States,* supra, the Supreme Court notes that when the court denied the injunctive relief "it became the duty of the court to fix the amount of security necessary to protect the condemnees in their property rights, so that upon compliance with such order of the court the condemnor could make immediate entry upon the land for the purposes for which it had the right of condemnation." *Id.* 860.

In *City of Houston v. Fort Worth & Denver Ry. Co.,* 561 S.W.2d 22 (Tex.Civ. App.—Houston [1st Dist.] 1978, writ ref'd n. r. e.), the appellate court found that the city's assertion of a property right, alleged in a supplemental petition, brought it within the jurisdiction of the district court under *Article 3269.* The court went on to say: "If the city shows it has that right, it also has the right to seek an injunction and, if then denied, to provide adequate security and take possession of such property." *Id.* 24.

■ Finding Montgomery had the power to condemn this land, we hold that it was necessary for the trial court to set the amount of security required and grant immediate possession upon the denial of the temporary injunction.

■ Appellant complains that appellee should not have been granted immediate

possession because appellee failed to offer any evidence of satisfaction of the necessary procedural prerequisites of having made a bona fide effort to negotiate. It is true that appellee admits there was no effort to negotiate; however, negotiation is not a prerequisite of a suit that comes within *Tex.Rev.Civ.Stat.Ann. art. 3269* (Vernon 1968). See *Southern Pacific Transportation Co. v. County of Harris*, 508 S.W.2d 484 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd); *Holcomb v. City of Dallas*, 315 S.W.2d 454 (Tex.Civ.App.—Texarkana 1958, writ ref'd n. r. e.).

Finding all of appellant's points of error to be without merit, we overrule them and affirm the order of the trial court.

AFFIRMED.