The judgment of the trial court is affirmed.

Affirmed.

McNICHOLAS, J., not participating.

**FT. WORTH & DENVER RAILWAY COMPANY, Appellant,**

v.

**CITY OF HOUSTON, Appellee.**

**No. B14–83–641CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 10, 1984.

Rehearing Denied June 14, 1984.

---

William H. Tenison, Jr., Carla Powers Dykes, Andrews & Kurth, Houston, for appellant.

Fred R. Spence, Sr. Asst. City Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION ON MOTION FOR REHEARING

PAUL PRESSLER, Justice.

On April 5, 1984, this Court handed down an opinion in this cause. On motion for rehearing, this Court now withdraws its original opinion and substitutes a new opinion therefor.

Appellee sued to condemn a portion of a right-of-way of appellant north of Watonga Boulevard in Harris County. The court originally dismissed the suit on a jurisdictional issue but the Court of Appeals reversed and remanded. In the first trial appellee was granted the easement and appellant was awarded $84,770 in damages. Both parties appealed. In its reversal, the Court of Appeals set out the required burdens of proof and special issues and the proper measure of damages. On retrial, appellee was granted the easement and appellant was awarded $25,000 in damages. From this judgment the Railroad appeals. We affirm.

In the first of three points of error, appellant contends that the jury's "We do not" answer to Special Issue No. 1 is contrary to the overwhelming weight of the evidence. Special Issue No. 1 asks:

"Do you find from a preponderance of the evidence that the building of a grade-level crossing over the railroad tracks by the city of Houston at Watonga Boulevard will practically destroy the railroad's use of those tracks as presently used"?

In considering a question of sufficiency of the evidence under the point of error raised, the verdict will be set aside only if it is against the great weight and preponderance of the evidence and is manifestly unjust. *In re Kings Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952); *Hernandez v. Southern Pacific Transportation Company*, 641 S.W.2d 947 (Tex.App.—Corpus Christi 1982, no writ). An authority seeking to condemn property already devoted to public use may not do so if the effect would be practically to destroy its existing use unless it shows that its intended use is of paramount public importance and that its purpose cannot be otherwise accomplished. Appellant attempted to prove that the condemnation would practically destroy the use of its track as a holding area. *The*

*City of Houston v. Ft. Worth and Denver Railway Company, et al.,* 619 S.W.2d 234 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). If this were proven, the City would have the burden to prove (1) that its use was of paramount public concern, and (2) that its purpose could not be accomplished in any other practical way.

■ The burden of proving practical destruction was on appellant which introduced testimony that the track is presently used as a holding area for trains which have been delayed from entering the Houston Beltway System. Considerable evidence was developed by appellee concerning holding patterns, length of trains, and alternative methods of handling these trains. Failure to find affirmatively on Special Issue No. 1 merely means the Railroad failed to meet its burden of proving practical destruction and evidence was not required to support the negative answer. Such failure to find was not against the great weight and preponderance of the evidence as there was evidence presented on both sides of the issue. Appellant's first point of error is overruled.

In its second point of error, appellant contends the jury's award of damages under Special Issue No. 3 was manifestly too small and that the award should have been $1,000,000. Special Issue No. 3 tracks the wording of the measure of damages previously established in this case where it was held that the correct measure of damages is:

> ... the difference between the value of the right to the exclusive use of the land in question for the purpose for which it was being used, and for which it was always likely to be used, and that value after the city acquired the privilege of participating in such use by the opening of a street across it, leaving the railroad tracks untouched.

*City of Houston, supra.*

■ Under its police power, the City has the right to require a railroad to keep its premises so as to insure the safety of its customers and users and the users of the streets which cross the track. The expense of complying with these regulations must be borne by the Railroad even though they may have been caused by a street's being built across an existing right-of-way. *City of Houston, supra.* Appellant introduced testimony that if the street crossing was made, it would have to construct a turn-out or passing track at a cost of approximately $1,006,500. Further testimony stated that the reduced value of appellant's property would be approximately $1,005,500. The City presented conflicting testimony stating that the street crossing would not affect the value of the property for railroad purposes.

■ The cost of a turn-out track was not a necessary measure of damages. Although a railway may be entitled to compensation for necessary structural changes, appellant's proposed structural changes here are not an absolute necessity. *Houston & T.C. Ry. Co., et al, v. City of Houston,* 41 S.W.2d 352 (Tex.Civ.App.—Austin 1931, no writ). The City established alternatives which did not require structural changes at the Watonga site. It was not, therefore, error for the jury to deny a recovery for the cost of a turn-out track or to disregard appellant's testimony concerning the diminished value of its land. As there was no showing that the jury's answer to Special Issue No. 3 was so against the great weight and preponderance of the evidence as to be manifestly unjust, it will be affirmed. *In re Kings Estate, supra.* Appellant's second point of error is overruled.

■ In its final point of error, appellant contends that the trial court erred in failing to admit testimony regarding safety of the proposed crossing. This testimony, preserved by a bill of exceptions, would have established the following: (1) there were potentially hazardous conditions affecting the public, and (2) there were potentially hazardous conditions affecting the train crew.

Admission of this evidence was properly denied. The Railroad is not entitled to compensation for installing safety devices

required by statutes and ordinances. *City of Houston, supra.* Admission of evidence concerning hazardous conditions affecting the train crew was also appropriately denied. Appellant had previously introduced testimony concerning this and, therefore, was not denied his opportunity. Also, the proposed testimony did not support any issue before the court. Appellant's third point of error is overruled.

Judgment of the trial court is affirmed.