

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 18, 2006

The Honorable Robert E. Talton
Chair, Committee on Urban Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0431

Re: Whether a municipality that adopts its budget by ordinance must adopt budget amendments by ordinance (RQ-0414-GA)

Dear Representative Talton:

You ask whether in certain instances the City of Seabrook (the "City") amended its budget in a manner that is not consistent with applicable law.[1] You ask in particular whether a municipality that adopts its budget by ordinance must adopt any budget amendments by ordinance. *See* Request Letter, *supra* note 1, at 1. You also suggest that certain budget amendments may have been inconsistent with sections 102.009 through 102.011 of the Local Government Code and the City's charter. *See id.; see also* TEX. LOC. GOV'T CODE ANN. §§ 102.009–.011 (Vernon 1999). You list three specific instances when the City "apparently . . . did not [] act" to authorize the expenditure of funds in various amounts in accordance with law:

    1)  On May 20, 2003 in an amount of $80,000.

    2)  On June 17, 2003, the majority of Council attempt[ed] to correct [its] action of May 20, 2003 by declaring it an emergency without an ordinance.

    3)  . . . [O]n October 21, 2003 where an amount of $250,000. was appropriated and an additional $1,000,000. was added on November 4, 2003.

Request Letter, *supra* note 1, at 1. You understand that "no ordinances were proposed for any of these appropriations as well as being over the approved budget." *Id.* at 2. In addition, you state that the Seabrook charter provides "under Sections 5.21 a & b that any expenditure of $1,000,000. or more or 30% of the reserve fund must have the vote of the people except in a couple of emergency situations." *Id.*

---

[1]*See* Letter from Honorable Robert E. Talton, Chair, Committee on Urban Affairs, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (Nov. 9, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Our analysis of the issues you raise is necessarily limited. Whether specific laws or charter provisions were violated in particular circumstances is a question requiring the determination of facts and is beyond the purview of the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 6, 10 (stating that fact questions cannot be answered in the opinion process). Such a question also requires us to construe the charter with respect to the facts. "This office does not construe city charters unless the charter provision [at issue] raises a question of federal or state law." Tex. Att'y Gen. Op. No. GA-0356 (2005) at 2. Consequently, we consider only whether the City must amend its budget by ordinance, and we briefly outline what state law requires in the budget amendment context.

Chapter 102 of the Local Government Code governs the process by which a municipality adopts an annual budget. *See* TEX. LOC. GOV'T CODE ANN. § 102.002 (Vernon 1999) (requiring a municipal budget officer to prepare a budget each year "to cover the proposed expenditures for the succeeding year"); *see also id.* § 102.001 (designating the mayor or city manager as a municipality's budget officer). When a municipal governing body has finally approved the budget, it may spend municipal funds "only in strict compliance with the budget, except in an emergency." *Id.* § 102.009(b). Even in the absence of an emergency, however, a municipality may make "changes in the budget for municipal purposes." *Id.* § 102.010. Finally, in certain circumstances a municipality's charter prevails over chapter 102: "If a municipality has already adopted charter provisions that require the preparation of an annual budget covering all municipal expenditures and if the municipality conducts a public hearing on the budget . . . , the charter provisions control." *Id.* § 102.011.

The City's charter requires the governing body to adopt the annual budget "by ordinance." SEABROOK, TX., CHARTER art. V(A), § 5.03(e) (Aug. 11, 1979), *available at* http://www.municode.com/Resources/gateway.asp?pid=10298&sid=43 (last visited May 15, 2006). A municipal governing body may amend or repeal an ordinance only by an act of "equal dignity." *City of Hutchins v. Prasifka*, 450 S.W.2d 829, 832 (Tex. 1970); *accord City of San Antonio v. Micklejohn*, 33 S.W. 735, 736 (Tex. 1895); *cf.* Tex. Att'y Gen. Op. No. MW-0460 (1982) at 4 (stating that the legislature cannot repeal an existing statute except by following the same procedure by which the statute was adopted). An ordinance may be amended or repealed "only by another ordinance, not by resolution[,] or order[,] or motion" of the city council that is not passed and published with the same formality of an ordinance. *Red Bird Vill. v. State ex rel. City of Duncanville*, 385 S.W.2d 548, 550 (Tex. Civ. App.—Dallas 1965, writ ref'd); *accord City of Panhandle v. Bickle*, 31 S.W.2d 843, 846 (Tex. Civ. App.—Amarillo 1930, writ dism'd w.o.j.); *see City of Hutchins*, 450 S.W.2d at 833 (holding that a municipality could not amend a comprehensive zoning ordinance by resolution); *City of San Antonio*, 33 S.W. at 736 (holding that a city council cannot, by resolution, abolish an office created by ordinance); *J.D. Abrams, Inc. v. Sebastian*, 570 S.W.2d 81, 86 (Tex. Civ. App.—El Paso 1978, writ ref'd n.r.e.) (concluding that a city could not amend or abolish a grading ordinance by a "mere motion").

Accordingly, the City may amend its budget ordinance only by adopting an ordinance. To the extent the City attempted to amend its budget by acts of lesser dignity, its actions are without effect.

You further suggest that the City violated sections 102.009 through 102.011 of the Local Government Code. *See* Request Letter, *supra* note 1, at 1. After a municipal governing body has finally approved the annual budget, section 102.009(b) permits the governing body to spend funds only in "strict compliance with the budget, except in an emergency." TEX. LOC. GOV'T CODE ANN. § 102.009(b) (Vernon 1999). Section 102.009(c) effectively defines the term "emergency" as "a case of grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention." *Id.* § 102.009(c). In addition, section 102.010 permits a municipal governing body to make "changes in the budget for municipal purposes."[2] *Id.* § 102.010.

"Whether an emergency within the meaning of section 102.009 exists or whether a budget amendment is for municipal purposes" within the meaning of section 102.010 are questions of fact that an attorney general opinion cannot resolve. Tex. Att'y Gen. LO-92-71, at 3–4; *see also* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 6, 10 (stating that fact questions cannot be answered in the opinion process). We cannot, therefore, determine whether the three instances you listed complied with sections 102.009 and 102.010 of the Local Government Code.

Finally, as you suggest, under section 102.011 of the Local Government Code a city charter may supply procedural requirements in addition to those found in chapter 102. *See* TEX. LOC. GOV'T CODE ANN. § 102.011 (Vernon 1999). We cannot determine whether particular actions constituted a violation of a city charter. *See* Tex. Att'y Gen. Op. No. GA-0356 (2005) at 2 (stating that this office typically does not construe city charter provisions); Tex. Att'y Gen. Op. No. GA-0156 (2004) at 6, 10 (stating that fact questions cannot be answered in the opinion process).

---

[2]We cannot find any judicial decisions that discuss what constitutes "municipal purposes" for purposes of section 102.010. *But see Gardner v. City of Hamilton*, 536 S.W.2d 422, 424 (Tex. Civ. App.—Waco 1976, writ ref'd n.r.e.) (stating, for purposes of a statute authorizing municipalities to exercise the power of eminent domain to acquire land for municipal purposes, a municipal purpose is one that "promotes the comfort, convenience, safety, and happiness of the citizens of the municipality rather than the welfare of the general public"). Moreover, we cannot conclude from the face of the statute that section 102.010 would allow a municipality to amend its budget to spend funds that exceed the appropriations that were approved in the previously passed annual budget.

# S U M M A R Y

A municipality may amend an ordinance only by adopting an act of equal dignity. Thus a municipality that adopts its budget by ordinance may not amend the budget by adopting a resolution, motion, or order.

A municipal governing body may expend funds only in strict compliance with an adopted budget "except in an emergency." TEX. LOC. GOV'T CODE ANN. § 102.009(b) (Vernon 1999). Even in the absence of an emergency, however, a municipal governing body may change the budget "for municipal purposes." *Id.* § 102.010.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee