MISSIONARY SUPPORTERS, INC. *v.* ARK. STATE BOARD OF DENTAL EXAMINERS.

5-1908

Opinion delivered October 19, 1959.

Kenneth Coffelt, for appellant.

James A. Robb and Robert H. Dudley, for appellee.

JIM JOHNSON, Associate Justice. This case has caused us more than the usual amount of concern. This same concern is reflected in the learned Chancellor's profound opinion which sets out so clearly the facts and issues here involved that we adopt it in its entirety as our own:

"This is an action by the Arkansas State Board of Dental Examiners to enjoin and restrain the respondents from further violation of the Arkansas Dental Practice Act (Sections 72-538, 72-540, 72-543, and 72-559) and from the pleadings, the testimony adduced at the trial of the cause at Salem on October 23, 1958, and the very able briefs submitted to the court by counsel for petitioners and respondents, the court finds:

"That W. G. Lewis is a very intelligent and well educated man who has many years of practical experience in dentistry, having practiced in many parts of the world and that, for more than twenty years he has devoted much of his time and personal income to foreign mission work; that he formed respondent, Missionary Supporters, Inc., under the laws of the State of Delaware for the purpose of lending aid to his work in providing dental training to those who were engaged, or planned to enter, foreign mission fields.

"Mr. Lewis, learning of the very serious need for dental services in Fulton and surrounding counties, came to Salem and, with the aid and assistance of local people, opened his training school for missionaries there.

It had been operating for several weeks when this action was filed and it seems to have served about 950 patients up to the time of the trial. Testimony seemed to indicate that only ten to twelve weeks are required for the trainees to complete the course. Although contributions are accepted, no fee is charged the patient. No proof was made as to any actual damage or injury to any patient and, while the service of the patients is wholly incidental to the main purpose of training practical missionary dentists, it has in fact helped to alleviate a desperate need for dental service in Fulton and adjoining counties and it offers little, if any competition to licensed dentists because of the scarcity of licensed dentists all through that area.

''Section 72-538 of the Arkansas Statutes clearly defines the qualifications and requirements of dental college but respondents make no pretense of qualifying anyone to become licensed dentists or to practice dentistry anywhere in the United States and no diploma is awarded any of the trainees.

''Section 72-540 reads as follows: 'No person shall practice dentistry or dental hygiene, or attempt or offer to practice either, within the State of Arkansas, without first having been authorized, and issued a regular license, by the Arkansas State Board of Dental Examiners.' The language of this statute is clear and unequivocal and does not leave any room for interpretation or construction. Respondents lay no claim to license for the practice of dentistry from the Arkansas State Board of Dental Examiners or elsewhere and are clearly operating in violation of this Section.

''Section 72-543 clearly defines what constitutes practicing dentistry within the meaning of the statute and respondents' testimony brings the respondents clearly within this definition.

''Section 72-559 reads as follows: 'It is unlawful for a dentist or dental hygienist to practice in the State of Arkansas under any name other than his own

true name or to use the word 'company, corporation, association,' or any word of similar import in connection with the practice of his profession; or to operate, manage, or be employed in any room, office or laboratory where dentistry or dental hygiene is practiced or contracted for in the name of any company, corporation or association; or to aid or assist in any manner any unlicensed person to practice dentistry or dental hygiene or any branch thereof. It is unlawful for any corporation to practice dentistry or dental hygiene or to hold itself out as entitled to engage therein'.

"From testimony of respondent, Lewis, the President of Missionary Supporters, Inc., it is clear that the respondent corporation is in violation of this Section through the activities of its President.

"Counsel for respondents argues very forcefully that petitioners do not have an absolute right to injunction. Section 72-542 reads as follows: 'The Arkansas State Board of Dental Examiners is entitled to the equitable remedy of injunction against any person who practices dentistry or dental hygiene, or attempts or offers to practice either, in violation of Sec. 7 (Sec. 72-540).'

"The language of this Section clearly refutes counsel's contention, is very pointed and leaves nothing to the discretion of the court.

"Counsel for respondents also argues with equal force and conviction that the Arkansas Dental Practice Act in this case conflicts with respondents' rights under the First and Fourteenth Amendments to the Constitution of the United States in that it affects their Freedom of Religion. The State has the right under its police power to regulate the practice of dentistry and to prescribe such rules as it may deem best for the protection of the public health, safety and welfare.

"Such regulation does not violate rights of respondents under either the First or the Fourteenth Amendment.

"Although close scrutiny and reappraisal seems to be indicated with a view to remedying such a situation as has been revealed as existing in so large an area of our state where not even one licensed dentist is available, the statutes are clear and petitioners are entitled to the relief prayed. The court knows of no better way to correct the situation than to enforce the clear and unambiguous provisions of the statutes. The courts are quick to resent attempts of the legislative body to infringe on the rights of the judiciary and the Legislature would have just as much right to resent intrusion of the Judiciary on its rights to make the laws. If this is a matter that requires correction, it is the responsibility of the Legislature to make such correction.

"Respondents will be restrained as prayed in the Petition filed herein."

A careful review of the record reveals that it isn't denied that appellants' practice is clearly within the terms of the statute. Those terms are mandatory, and the court may not write into them an exception or exemption. We must recognize the ancient maxim that "equity follows the law" and that the appellant has collided with the law. See: *Ritholz* v. *State Board of Optometry,* 206 Ark. 671, 177 S. W. 2d 410; *Hudkins* v. *State Board of Optometry,* 208 Ark. 577, 187 S. W. 2d 538; *Marvel* v. *State ex rel. Morrow,* 127 Ark. 595, 193 S. W. 259; *Melton* v. *Carter,* 204 Ark. 595, 164 S. W. 2d 453.

Affirmed.