MILLER *v.* REED, CHANCELLOR.

5-2677                                                              355 S. W. 2d 169

Opinion delivered March 19, 1962.

*Martin, Dodds & Kidd,* for petitioners.

*Warren & Bullion,* for respondent.

ED. F. McFADDIN, Associate Justice. This is an original proceeding in which Petitioners, Sturgis Miller, *et al.,* seek a Writ of Prohibition to prevent the Honorable Murray O. Reed, Chancellor, from proceeding further in a case pending in the Chancery Court. The Petitioners herein list themselves as "Sturgis Miller, President, Ed S. Doss, Vice President, and R. G. McBryde, Secretary-Treasurer, of Arkansas Chiropractic Association; H. G. Perkins, Foy Weeks, H. L. Hudsonpillar,

A. M. Reynolds, P. D. Bosma, and Gordon Lynch, members of the Board of Directors of Arkansas Chiropractic Association; and Sturgis Miller, Ed S. Doss, R. G. McBryde, H. G. Perkins, Foy Weeks, H. L. Hudsonpillar, A. M. Reynolds, P. D. Bosma, and Gordon Lynch, in their individual capacity.'' They will be referred to as ''Sturgis Miller *et al.*''

Certain background facts will present the situation. Drs. William E. Kuhl and Robert J. Kuhl are chiropractors, having been licensed by the State Board of Chiropractic Examiners to engage in that branch of the healing art (§§ 72-401 *et seq.* Ark. Stats.). The Arkansas State Medical Board, proceeding under §§ 72-602 *et seq.* Ark. Stats., filed its complaint against Drs. Kuhl and Kuhl in the Pulaski Chancery Court, of which Honorable Murray O. Reed is Chancellor. The complaint alleged that Drs. Kuhl and Kuhl were in fact practicing medicine in addition to being chiropractors. The complaint stated, *inter alia*: ''The plaintiffs allege that the defendants are practicing medicine in the State of Arkansas contrary to the provisions of the Arkansas Statutes . . . the defendants are prescribing medicines for the treatment of illness and disease . . .'' The Arkansas State Medical Board relies on § 72-620 and § 72-621 Ark. Stats. as giving the Chancery Court jurisdiction to issue injunctions against the practice of medicine without a license. In the said Chancery case there was an intervention filed by Sturgis Miller *et al.*, who are the same parties as the Petitioners for Prohibition in the present case. The Intervenors claimed: . . . that should the relief prayed for in the complaint be granted, it would, in effect, preclude each and every chiropractic practitioner in the State of Arkansas from pursuing his or her profession . . .'' The intervention was permitted in the Chancery Court on December 2, 1960, and is still pending.

In June 1961 the State Board of Chiropractic Examiners, proceeding under §§ 72-407 *et seq.* Ark. Stats., heard charges filed by its Ethics Committee against Drs. Kuhl and Kuhl, including charges that Drs. Kuhl and

Kuhl had been guilty of "numerous instances of unauthorized practice of medicine." On July 10, 1961, the Arkansas State Board of Chiropractic Examiners revoked the licenses of Drs. Kuhl and Kuhl as practicing chiropractors; that revocation is said to be still pending on *certiorari* in the Pulaski Circuit Court; and it is stated in the brief of the Respondent, and undenied by the Petitioners, that Drs. Kuhl and Kuhl have never ceased the practice of whatever they were doing (*i.e.,* whether medicine or chiropractic).

In January 1962 the Pulaski Chancery Court set for trial the case therein pending, wherein the Arkansas State Medical Board was Plaintiff, Drs. Kuhl and Kuhl were Defendants, and Sturgis Miller *et al.* were Intervenors. Thereupon, Sturgis Miller, *et al.* filed the present Petition for Prohibition in this Court to prevent the Pulaski Chancery Court from trying the case therein pending in which Sturgis Miller *et al.* had intervened. The Petition filed in this Court states as ground for prohibition:

"Petitioners, further, state and contend that the sole jurisdiction of the disposition of this matter now rests with the Circuit Court of Pulaski County, and that the complaint in the case of *Arkansas State Medical Board* v. *William E. Kuhl and Robert J. Kuhl,* was prematurely filed, because the administrative remedies had not been exhausted against the said William E. Kuhl and Robert J. Kuhl. Petitioners, also, state that, if the Pulaski Circuit Court sustains the finding of Arkansas State Board of Chiropractic Examiners, Case no. 116543 will become moot,[1] and that a temporary Writ of Prohibition should be issued by this Court, prohibiting the Hon. Murray O. Reed, Chancellor of the First Division of the Chancery Court of Pulaski County, Arkansas, from trying or further proceeding in said case, and that a reasonable time be granted counsel for petitioners and Arkansas State Medical Board to brief this question, and

[1] This Case No. 116543 is the said case of Arkansas State Medical Board v. Drs. Kuhl and Kuhl in the Chancery Court.

that a final order be entered making said temporary order permanent.''

So much for the background facts. What we are asked to do is to prohibit the Chancery Court from trying a case pending in that Court. The Petitioners want the case delayed until a subsequently filed case in the Pulaski Circuit Court has been decided, which Circuit Court case involves only the revocation of the chiropractic licenses of Drs. Kuhl and Kuhl. Even if the chiropractic licenses should be revoked, such would not prevent Drs. Kuhl and Kuhl from ''prescribing medicines for treatment of illness and disease''; and that (*inter alia*) is what the Arkansas State Medical Board charges Drs. Kuhl and Kuhl have been doing.

The Practitioners herein, Sturgis Miller *et al.,* have entirely misconstrued the grounds for a writ of prohibition issued out of this Court. The writ of prohibition does not issue to prohibit the lower court from erroneously exercising its jurisdiction, but only when the lower court is wholly without jurisdiction. *Terry* v. *Harris,* 188 Ark. 60, 64, S. W. 2d 80; *Bessett* v. *Bourland,* 175 Ark. 271, 299 S. W. 13; *Ritholz* v. *Dodge,* 210 Ark. 404, 196 S. W. 2d 479. The Pulaski Chancery Court had jurisdiction to issue an injunction against Drs. Kuhl and Kuhl from practicing medicine without a license. Section 72-620 Ark. Stats. declares that the practice of medicine without a license is a nuisance; and § 72-621 Ark. Stats. vests the Chancery Court with jurisdiction and power to enjoin the unlawful practice of medicine.

This power given the courts (in § 72-621 Ark. Stats.) to enjoin the unlawful practice of medicine is practically the same power given the Chancery Court to enjoin the practices of optometry under § 72-818 Ark. Stats., and the practice of dentistry under § 72-542 Ark. Stats. In *Ritholz* v. *Arkansas State Board of Optometry,* 206 Ark. 671, 177 S. W. 2d 410, we held that the Chancery Court could enjoin persons from the practice of optometry without a license; and in *Missionary Supporters* v. *Arkansas State Board of Dental Examiners,* 213 Ark.

38, 328 S. W. 2d 139, we held that the Chancery Court could enjoin persons from the practice of dentistry without a license. Certainly, therefore, the Chancery Court has the jurisdiction to enjoin Drs. Kuhl and Kuhl from the unlawful practice of medicine. Since the Pulaski Chancery Court had jurisdiction of the suit brought by the Arkansas State Medical Board against Drs. Kuhl and Kuhl, a Writ of Prohibition will not issue.

Petitioners argue that the Arkansas State Medical Board should have filed its complaint before the Arkansas State Board of Chiropractic Examiners to have Drs. Kuhl and Kuhl barred from practicing chiropractic, and that until the Arkansas State Medical Board so proceeded it had failed to exhaust its administrative remedies. The Arkansas State Medical Board is not concerned whether Drs. Kuhl and Kuhl practice chiropractic. In fact, the Medical Board concedes in its brief here: ''We do not mean to say by this that the Medical Practices Act forecloses the rights of chiropractors to practice chiropractic as defined by the Arkansas Statutes.'' What the Arkansas State Medical Board is trying to do is to prevent Drs. Kuhl and Kuhl from practicing medicine; and § 72-604 Ark. Stats. says: ''The term, 'practice of medicine' shall mean . . . to diagnose, treat, prescribe for . . . any human disease . . . by the use of drugs . . .'' Such, among others, is the charge against Drs. Kuhl and Kuhl. There is no effort in the Chancery Court case to prevent them from practicing chiropractic, as defined by the laws of Arkansas; but there is the effort to prevent them from practicing medicine as defined by the laws of Arkansas and the Chancery Court has jurisdiction to hear and determine that question independently of any proceeding to revoke the chiropractic licenses of Drs. Kuhl and Kuhl.

Therefore, the Writ of Prohibition is denied.