The Honorable Doug Wood State Representative 215 North Claremont Sherwood, Arkansas 72116
Dear Representative Wood:
This is in response to your request for an opinion on the following questions:
 Do Arkansas statutes protect the chiropractor-patient relationship with respect to privileged communications? In other words, could the records of chiropractic patients be subpoenaed into Arkansas Courts in any kind of case in which the chiropractor could be called as a witness without the privileged communications protection?
 If Arkansas's Privileged Communications Statute does not protect chiropractic physicians, please let me know what recommendations you can make for changing the current statutes to provide for privileged communications between chiropractic physicians and their patients.
It appears that the answer to your first question is "no".
The relevant law is found in the "Arkansas Rules of Evidence", as adopted by the Arkansas Supreme Court, (see Ricarte v. State, 290 Ark. 100, 717 S.W.2d 488
(1986)), or the "Uniform Rules of Evidence", adopted and codified by the legislature at A.C.A. 16-41-101.[1]
The Publisher's Notes to A.C.A. 16-41-101 state that "The Uniform Rules of Evidence, as enacted by Acts 1975 (Extended Sess., 1976), No. 1143, 1 were held invalid in Ricarte v. State, 717 S.W.2d 488, 290 Ark. 100 (1986) on the ground that they were adopted by an unlawful session of the legislature. In that opinion and an accompanying per curiam of October 13, 1986, the court adopted the Uniform Rules of Evidence and renamed them the Arkansas Rules of Evidence, However, Acts 1987, No. 876, 1, reenacted the Uniform Rules of Evidence; the Uniform Rules were also enacted as a part of the adoption of the Arkansas Code of 1987 Annotated."
Rule 501 of the "Arkansas Rules of Evidence" provides as follows:
 Rule 501. Privileges recognized only as provided. — Except as otherwise provided by constitution or statute or by these or other rules promulgated by the Supreme Court of this state, no person has a privilege to:
(1) Refuse to be a witness;
(2) Refuse to disclose any matter;
(3) Refuse to produce any object or writing; or
 (4) Prevent another from being a witness or disclosing any matter or producing any object or writing.
Thus, unless a privilege is granted by the Arkansas Constitution, by statute, or by rule of the Supreme Court, no privilege exists.
We have been unable to find any constitutional or statutory provision granting a "chiropractor-patient privilege". Additionally, the only Rule of Evidence remotely related to a "chiropractor-patient privilege" is Rule 503 entitled "Physician and psychotherapist-patient privilege". That rule grants a patient a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications made for the purpose of diagnosis or treatment made among the patient, a physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.
"Physician" is defined in the rule as "a person authorized to practice medicine in any state or nation, or reasonably believed by the patient so to be". It is clear, in my opinion, that chiropractors are not authorized to practice medicine. See generally, A.C.A.17-93-403, Miller v. Reed, Chancellor, 234 Ark. 850,355 S.W.2d 169 (1962), and State v. Gallagher, 101 Ark. 593
(1912). Thus, unless the patient reasonably believed the chiropractor to be authorized to practice medicine, communications between chiropractors and their patients are not privileged under Rule 503.
Your second question concerns what measures should be taken to "change the current statutes" to provide for privileged communications between chiropractor and patient. One obvious way to effect such a change would be to legislatively amend Rule 503 to include communications between chiropractors and their patients within the "physician/patient privilege".
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] It appears that the legislature has the authority to amend the rules. As was stated in Gitelman, Commentary; How the Arkansas Supreme Court Raised the Dead, 1987 Ark. L. Notes 93, "Justice Smith [in Ricarte v. State] carefully refrained from holding that only the court may adopt rules of evidence." 1987 Ark. L. Notes 93 at n. 11.