ARKANSAS STATE MEDICAL BOARD *v.*
Scott A. SCHOEN, D.D.S., and Arkansas State Board of
Dental Examiners

98-1309                                            1 S.W.3d 430

Supreme Court of Arkansas
Opinion delivered October 14, 1999

[Petition for rehearing denied November 18, 1999.*]

---

\* *Reporter's note*: Each appellee petitioned for rehearing.

*Cearley Law Firm, P.A.*, by: *Robert M. Cearley, Jr.*, for appellant.

*Friday, Eldredge & Clark*, by: *Diane S. Mackey*, for appellee Scott A. Schoen, D.D.S.

*Mark Pryor*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen.; and *Rose Law Firm: A Professional Association*, by: *Herbert C. Rule III* and *Garland J. Garrett*, for appellee.

ROBERT L. BROWN, Justice. This appeal comes to us from an order of the chancery court dismissing the complaint of the appellant Arkansas State Medical Board for lack of jurisdiction on the ground that the Medical Board has an adequate remedy at law. Also pending before this court is a motion to dismiss the Medical Board's appeal filed by appellees Scott A. Schoen, D.D.S., and Arkansas State Board of Dental Examiners on the basis that the appeal is moot due to the enactment of Act 143 of 1999. We grant the motion to dismiss the appeal as regards the Dental Board in part and deny it in part. With respect to the Medical Board's claim against Dr. Schoen, we reverse and remand for further proceedings.

On July 22, 1997, the Medical Board sued Dr. Schoen and the Dental Board in a second amended and substituted complaint. The Medical Board alleged that the Dental Board's regulations recognize a specialty practice of "Oral and Maxillofacial Surgery" and that the American Dental Association's definition of this specialty practice extends the practice of dentistry well beyond the statutory definition of dentistry in Arkansas. The complaint further alleged that Dr. Schoen is performing surgical procedures which historically have been within the exclusive province of

medicine and which include, among others, removal of a basal cell carcinoma from the forehead of a patient. The complaint asserts that because the Dental Board had advised Dr. Schoen that certain procedures which constitute the practice of medicine are lawful, the Dental Board has aided the unlawful practice of medicine.

The complaint asked for this relief from the chancery court:

- that it declare the complained of procedures performed by Dr. Schoen to constitute the practice of medicine and enjoin him from that practice.

- that it declare the Dental Board's regulations relating to "Oral and Maxillofacial Surgery" to be invalid.

- that it enjoin the Dental Board from authorizing the practice of medicine as complained of in the complaint.

- that it stop the issuance of the speciality licenses in oral and maxillofacial surgery and recall the outstanding specialty licenses.

At the time this complaint was filed, the practice of dentistry was defined by statute in pertinent part as follows:

> (i) Examination, diagnosis, treatment, repair, prescription, and surgery of or for any disease, disorder, deficiency, deformity, condition, lesion, injury, or pain of the human oral cavity, teeth, gingivae, and soft tissues; and

> (ii) The diagnosis, the surgical and adjunctive treatment of the diseases, injuries, and defects of the human jaws and associated structures; . . . .

Ark. Code Ann. § 17-82-102(1)(A) (Repl. 1995). There was no reference in the definition to treatment or surgery in the maxillofacial area.

Act 143 of 1999 amended the definition of dentistry to read as follows in pertinent part:

> (i) The evaluation, diagnosis, prevention, and treatment by nonsurgical, *surgical* or related procedures of diseases, disorders and conditions of the oral cavity, *maxillofacial area and the adjacent and associated structures* and their impact on the human body, but not for the purpose of treating diseases, disorders and conditions

unrelated to the oral cavity, maxillofacial area and the adjacent and associated structures; . . . . (Emphasis added.)

Act 143 became effective July 30, 1999. Clearly, treatment and surgery in the maxillofacial area are now encompassed within the definition of dentistry.

In their joint motion to dismiss the Medical Board's appeal for mootness in light of Act 143, the Dental Board and Dr. Schoen urge that the new definition of dentistry confirms that dentistry includes surgery in the maxillofacial area. Thus, they contend that the Medical Board's attack on the Dental Board's regulation authorizing a speciality practice for "Oral and Maxillofacial Surgery" and permitting maxillofacial treatment and surgery by dentists in general is moot. In short, the appellees contend that Act 143 conclusively decides this issue.

■■ As the Dental Board and Dr. Schoen correctly underscore, this court does not decide cases that are moot, or render advisory opinions, or answer academic questions. See *Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997). An issue becomes moot when a decision by this court will have no practical effect on a legal controversy. See *id*. See also *Quinn v. Webb Wheel Products*, 334 Ark. 573, 976 S.W.2d 386 (1998); *Dillon v. Twin City Bank*, 325 Ark. 309, 924 S.W.2d 802 (1996). In the instant case, the issue of whether Dental Board regulations can lawfully define dentistry as including the diagnosis, treatment, or surgery in the maxillofacial area has been decided by the General Assembly with Act 143. We dismiss as moot that portion of the Medical Board's complaint dealing (1) with the definition of dentistry, and (2) with the Dental Board regulations that define dentistry as including maxillofacial treatment and surgery and the resulting speciality licenses.

There remains, however, the issue of whether Dr. Schoen with the aid of the Dental Board has engaged in the unlawful practice of medicine, including the surgical removal of a basal cell carcinoma from the forehead of a patient and other unnamed procedures. That allegation further raises the question of what forum decides the issue: chancery court pursuant to statutory authority granted under Ark. Code Ann. § 17-95-402(b) and (c) (Repl.

1995), or the Dental Board as the administrative agency overseeing the practice of dentistry under the Administrative Procedure Act (Ark. Code Ann. §§ 25-15-201 through 25-15-214 (Repl. 1996)).

The Medical Board vigorously contends that the Medical Practices Act decides the issue in favor of equity jurisdiction. It points us to § 17-95-402(b) and (c), which specifically authorizes the Medical Board to sue in chancery court to enjoin the unlawful practice of medicine:

> (b) The courts of record of this state having general equity jurisdiction are vested with jurisdiction and power to enjoin the unlawful practice of medicine in a proceeding by the [Arkansas State Medical Board] or any member thereof, or by any citizen of this state, in the county in which the alleged unlawful practice occurred or in which the defendant resides. . . .

> (c) It is declared that any person who practices or attempts to practice medicine in the State of Arkansas without first obtaining a license authorizing him to so practice medicine is a public nuisance, and it is declared that the illegal practice of medicine in violation of the laws of the State of Arkansas is a public nuisance and is detrimental to the health, safety, security, and welfare of the people of the State of Arkansas.

Ark. Code Ann. § 17-95-402(b) and (c) (Repl. 1995).

This legislative grant of authority, however, does not answer the question of whether courts of law preempt equity jurisdiction in the area of the unlawful practice of medicine when an adequate remedy at law exists. It is axiomatic in our jurisprudence that if an adequate remedy at law exists, no irreparable harm can result so as to warrant equity jurisdiction, and equity as a result is deprived of jurisdiction. *See, e.g., Union Pac. R.R. Co. v. State Ex Rel. Faulkner County*, 316 Ark. 609, 873 S.W.2d 805 (1994); *Compute-A-Call v. Tolleson*, 285 Ark. 355, 687 S.W.2d 129 (1985); *McGehee v. Mid South Gas Co.*, 235 Ark. 50, 357 S.W.2d 282 (1962).

We turn then to an examination of the adequacy of a legal remedy in the instant case. The chancery court concluded that an adequate remedy at law did exist due to the administrative remedy

before the Dental Board and dismissed the Medical Board's complaint accordingly. The Medical Board, however, counters that an administrative remedy before the Dental Board under the Administrative Procedure Act is clearly inadequate under our caselaw. In support of its contention, the Medical Board cites us to *Arkansas State Med. Bd. v. Bolding, supra*, and *Miller v. Reed*, 234 Ark. 850, 355 S.W.2d 169 (1962). The *Miller* case involved a suit in chancery court by the Medical Board to halt certain chiropractors from prescribing medicines. We held in that case that the administrative remedy before the Chiropractic Board was inadequate and that a writ of prohibition should not issue to chancery court. That case, however, is distinguishable on its facts, because, in *Miller*, there was no claim by the chiropractors that prescribing medicines constituted the practice of chiropractic. In the instant case, on the other hand, the critical issue is whether removal of the carcinoma constitutes the practice of dentistry or the practice of medicine.

■ Nevertheless, we question the adequacy of the legal remedy in the case before us. The Dental Board has filed a brief in this case arguing that the removal of the carcinoma is the practice of dentistry. In light of the Dental Board's announced position on the matter, we are hard pressed to see how the Dental Board could posture itself as an objective and impartial tribunal. We are aware that any decision by the Dental Board would be subject to judicial review in circuit court. *See* Ark. Code Ann. § 25-15-212 (Repl. 1996). But judicial review of an administrative appeal is limited. *See* Ark. Code Ann. § 25-15-212(h) (Repl. 1996). We conclude that under these circumstances the administrative remedy is inadequate and chancery court should retain jurisdiction pursuant to its authority under § 17-95-402(b) and (c).

With respect to whether the Dental Board should remain a party in chancery court, joining the Dental Board as a party defendant in chancery court for resolution of a dentistry/medical issue is precisely what we prescribed should be done in *Arkansas State Med. Bd. v. Bolding, supra*. In *Bolding*, the Medical Board sought to enjoin Dr. Bolding from the unlawful practice of medicine which centered around plastic surgery and further to stop Springdale Memorial Hospital from aiding and abetting Dr.

Bolding in his practice of medicine. The trial court granted summary judgment to the defendants because the Dental Board was not a party, and because it did not want to create a situation where the Medical Board and Dental Board had inconsistent determinations on whether plastic surgery constituted the practice of dentistry or medicine. On appeal, we held that the trial court erred in granting the defendants summary judgment and that the Dental Board should have been joined as a necessary party, because the Board was the regulatory agency endowed with the authority to decide what constitutes the practice of dentistry. We said, additionally, that complete relief could not be afforded the parties without the participation of the Dental Board.

■ In the case before us, whether Dr. Schoen's removal of a patient's carcinoma is dentistry or medicine is hotly contested by the two professional boards. The Dental Board, according to the allegations in the Medical Board's compliant, has aided Schoen in the removal of the carcinoma and in other unlawful procedures. Moreover, the Dental Board has argued in this appeal that the removal of the carcinoma constitutes the practice of dentistry. In effect, the Dental Board has already decided this matter. As we said in *Bolding*, we will not sanction proceedings in chancery court which do not include the Dental Board. Otherwise, the Dental Board and the chancery court could decide the issue differently, and the matter would not be resolved. We conclude that it is eminently preferable to have the legal and factual issues thrashed out in chancery court with the full participation of the Dental Board and the Medical Board.

Motion to dismiss appeal granted in part and denied in part with respect to the Dental Board.

Reversed and remanded.