
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-12-865

| | | |
|---|---|---|
| KAREN MILLER | APPELLANT | **Opinion Delivered** August 28, 2013 |
| V. | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. PR2008-638-6] |
| LINDA GADDY | APPELLEE | HONORABLE MARK LINDSAY, JUDGE |
| | | DISMISSED WITH PREJUDICE |

## ROBIN F. WYNNE, Judge

Karen Miller appeals from an order of the Washington County Circuit Court appointing appellee, Linda Gaddy, as guardian of the person and estate of Ruth Solomon. On appeal, Miller does not challenge the circuit court's decision to appoint Gaddy as guardian. Instead, she challenges certain factual findings made by the circuit court and asks this court to reverse those findings while affirming the remainder of the order. As a decision by this court regarding solely the factual findings challenged by Miller would have no practical effect on the controversy underlying the litigation, the appeal is dismissed.

The parties are the daughters of Ruth Solomon. In 1990, Mrs. Solomon and her late husband, Dr. Burton Solomon, established the Solomon Intervivos Trust, of which Mrs. Solomon is a lifetime beneficiary. Dr. Solomon passed away in 1999. At his death, the intervivos trust was divided into two separate trusts, The Solomon Family Trust and The

Burton Solomon Decedent's Trust. Mrs. Solomon is a lifetime beneficiary of both trusts. When Dr. Solomon was diagnosed with cancer in 1998, Miller relocated to Arizona to stay with Dr. Solomon and Mrs. Solomon in their home and manage Dr. Solomon's estate, and has remained in the home since that time.

Mrs. Solomon began residing with Gaddy in Washington County in 2007, by which time she needed full-time care. Mrs. Solomon has remained in Arkansas since that time. Gaddy filed petitions in Arkansas for guardianship of the person and estate of Mrs. Solomon in 2008 and 2010, which were settled between the parties. In July 2011, Miller filed a petition in Arizona in which she requested that she be appointed as guardian of Mrs. Solomon and conservator of her estate. Gaddy filed the petition that led to this litigation in Washington County in August 2011. In her petition, Gaddy challenged Arizona's jurisdiction over the guardianship proceeding and sought to be appointed as guardian of the person and estate of Mrs. Solomon.

In an order dated January 19, 2012, the Superior Court of Arizona in Maricopa County filed an order in which it relinquished jurisdiction over the guardianship proceeding to Arkansas. On May 3, 2012, the Washington County Circuit Court entered an order appointing Gaddy as guardian of Mrs. Solomon's person and estate. Miller filed a motion to amend or for new trial on May 17, 2012, wherein she objected to certain factual findings made by the circuit court. The motion was denied in an order entered on June 18, 2012. This timely appeal followed.

In its order, the circuit court found that Mrs. Solomon was legally incapacitated,

necessitating the appointment of a guardian, and that Gaddy was most suitable to act as guardian. Miller does not challenge either of these findings. Instead, she challenges findings by the circuit court pertaining to her administration of the trusts, arguing both that the circuit court lacked jurisdiction to make the findings and that the findings are clearly erroneous. The circuit court expressly states in the order that it is not exercising jurisdiction over the trusts, and that the findings are being made as part of its analysis of whether Miller would be a suitable guardian. The circuit court reiterated that it made the findings as part of its analysis of Miller's suitability as guardian at the hearing on Miller's motion to amend or for new trial.

Because Miller does not challenge any substantive part of the order and asks only that the order be affirmed as modified with the disputed factual findings reversed, no opinion issued by this court regarding the factual findings challenged on appeal would be of any practical effect in this litigation. An issue becomes moot when a decision by this court will have no practical effect on a legal controversy. *Ark. State Med. Bd. v. Schoen*, 338 Ark. 762, 765, 1 S.W.3d 430, 432 (1999). Our appellate courts do not decide cases that are moot or render advisory opinions. *Id.* Therefore, the appeal is dismissed with prejudice.

Dismissed with prejudice.

PITTMAN and GRUBER, JJ., agree.

*Moore Reed & Young, PLLC*, by: *T. Collier Moore*; and
*Buchalter Nemer PC*, by: *J. Noland Franz*, pro hac vice, for appellant.

*Tamra Cochran, P.A.*, by: *Tamra Cochran*, for appellee.